835 F.2d 166
 20 Soc.Sec.Rep.Ser. 89, Unempl.Ins.Rep. CCH 17,831
Christine SHERRILL for Lamarko M. SHERRILL, a minor, Appellant,
v.
Otis R. BOWEN, Successor to Margaret M. Heckler;
Celloustine Harris, Appellees.
 No. 87-1369.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 21, 1987.
Decided Oct. 29, 1987.
 
 Harrison Don King, Clayton, Mo., for appellant.
 Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., Claire S. Hoffman, Dept. of HHS., Baltimore, Md., for appellees.
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christine Sherrill (Sherrill), for her minor son Lamarko Sherrill (Lamarko), appeals from a final order of the district court[1] affirming the Secretary of Health and Human Services' (Secretary) denial of Lamarko's application for surviving child's insurance benefits under the Social Security Act, 42 U.S.C. Sec. 402(d) (Supp.III.1985). The sole issue on appeal is whether the decision of the Secretary denying benefits is supported by substantial evidence. For the reasons discussed below, we affirm.
 
 
 2
 Sherrill, on behalf of her son Lamarko, filed an application for child's insurance benefits with the Department of Health and Human Services (Department) on July 26, 1984. Sherrill claimed that Lamarko was the child of wage-earner Roosevelt Robinson who was killed on October 28, 1972. After the claim was denied initially and upon a reconsideration, a hearing was held before an Administrative Law Judge (ALJ). The evidence introduced at the hearing can be outlined as follows:
 
 
 3
 Lamarko was born on June 26, 1971. The birth certificate, signed by Sherrill, did not name a father. Sherrill testified that she was involved with Roosevelt Robinson, the deceased wage-earner, from 1964 through 1972 and that she had no sexual relations with any other man during this period. Sherrill further stated that Robinson would bring money, toys and food for Lamarko; however, no records were ever kept. Sherrill testified that she filed a prior application for surviving child's benefits on behalf of Lamarko in 1972 or 1973, but was told by a Social Security Administration employee that she could not receive benefits unless she could produce a birthday card signed by the deceased wage-earner.
 
 
 4
 In September 1976 Sherrill filed a Social Security number application for Lamarko in order to receive welfare benefits. In that application, Robinson was listed as the father. Sherrill stated that she did not know whether the welfare department ever took action to collect child support or establish paternity. No welfare records were produced at the hearing.
 
 
 5
 Sherrill further testified that Robinson took out an insurance policy for Lamarko in 1972. She stated that upon Robinson's death, the policy was cashed and put into a trust savings account for Lamarko. The policy was allegedly issued through "Chicago Metropolitan"; however, it was never produced at the hearing and Sherrill stated that she did not know whether she or Lamarko was the designated beneficiary. However, in a signed statement taken in conjunction with her 1984 application for benefits, Sherrill had stated that the deceased wage-earner had never taken out an insurance policy on the child or made the child a beneficiary of any policy.
 
 
 6
 Celloustine Harris, Robinson's wife, testified at the hearing that she married Robinson in 1969. Their marriage lasted until Robinson's death and produced two children. Harris stated that she had no knowledge that Lamarko was allegedly Robinson's child or that Robinson had ever made any payments to Sherrill for support.
 
 
 7
 The documentary evidence introduced at the hearing established that both Bobbie Thompson, Robinson's mother, and Harris received child's insurance benefits on behalf of children and step-children of Robinson. Neither Thompson nor Harris mentioned Lamarko on their respective applications when asked to list other children of the deceased wage-earner. The evidence also included a notarized statement by Thompson stating that Robinson had acknowledged that Lamarko was his son and had brought Lamarko to her home regularly. Thompson also stated in the affidavit that she did not know why she had never brought Lamarko to the attention of the Social Security Administration until this time period, 12 years after her son's death.
 
 
 8
 On September 30, 1985, the ALJ found that Lamarko was not entitled to surviving child's benefits on the record of the deceased wage earner. The ALJ concluded that:
 
 
 9
 1. Lamarko Sherrill was not the child of the deceased wage-earner under Missouri law, and accordingly was not entitled to benefits pursuant to 42 U.S.C. Sec. 416(h)(2)(A).
 
 
 10
 2. Lamarko Sherrill was not the child of Robinson pursuant to 42 U.S.C. Sec. 416(h)(2)(B) because his mother and the deceased wage-earner never went through a marriage ceremony.
 
 
 11
 3. Lamarko Sherrill was not the child of the deceased wage-earner pursuant to 42 U.S.C. Sec. 416(h)(3)(C) because the evidence did not establish that the wage earner was ever decreed by a court to be Lamarko's father, was ever ordered by a court to contribute to his support, or ever acknowledged him in writing. Furthermore, the evidence did not establish that Robinson was Lamarko's natural father an that the wage earner was either living with him or contributing to his support at the time of his death.
 
 
 12
 On January 9, 1986, the Department's Appeals Council denied Sherrill's request for review. Sherrill subsequently filed an action in federal district court pursuant to 42 U.S.C. Sec. 405(g) for review of this decision. The district court affirmed, adopting the magistrate's finding that there was substantial evidence to support the decision of the Secretary. This appeal followed.
 
 
 13
 Sherrill claims that the district court erred in affirming the Secretary's decision because there was not substantial evidence to support the ALJ's denial of benefits. Under 42 U.S.C. Sec. 405(g), we must affirm the Secretary's decision if it is supported by substantial evidence on the record as a whole. Brand v. Secretary of HEW, 623 F.2d 523, 527 (8th Cir.1980). Substantial evidence is more than a "mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).
 
 
 14
 The Social Security Act (Act), 42 U.S.C. Sec. 402(d)(1), establishes the criteria for entitlement to child's insurance benefits. It provides that every "child" of an individual who dies insured under the Act is entitled to benefits if the child has applied for them, is unmarried, under 18, and was dependent on the deceased insured at the time of the latter's death. Id. Title 42 U.S.C. Sec. 416(h) sets forth the requirements for determining whether an applicant is the child of an insured. On appeal Sherill argues that Lamarko is entitled to benefits under Sec. 416(h)(2)(A) or Sec. 416(h)(3)(C)(ii).
 
 
 15
 Under Sec. 416(h)(2)(A), benefits are available to those children who would inherit from the deceased wage-earner under the intestate laws of the state in which the wage-earner was domiciled at his death. Roosevelt Robinson was domiciled in the state of Missouri at the time of his death. Thus, the relevant statute is Mo.Rev.Stat. Sec. 474.060(2) (1986), which provides in relevant part:
 
 
 16
 2. [A] person born out of wedlock is a child of the mother. That person is also a child of the father, if ... (2) the paternity is established by an adjudication before the death of the father, or is established thereafter by clear and convincing proof ...
 
 
 17
 The Missouri Court of Appeals has held that clear and convincing evidence is that which "instantly tilt[s] the scales in the affirmative when weighed against evidence in opposition," and clearly convinces the factfinder that the evidence is true. In re Michael O'Brien, 600 S.W.2d 695, 697 (Mo.Ct.App.1980); see also In re J.A.J., III, 652 S.W.2d 745, 748 (Mo.Ct.App.1983).
 
 
 18
 Sherrill asserts that the ALJ erred in finding that there was not clear and convincing evidence of paternity as required by the Missouri intestacy statute. The ALJ found that there was no evidence proving that the deceased wage-earner was not Lamarko Sherrill's father, but neither was there clear and convincing evidence showing that the deceased was his father. The ALJ noted that testimony inconsistent with documentary evidence, vague allegations 12 years after the death of the wage earner, and a failure to produce records and vital documents cast Sherrill's testimony in a particularly doubtful light. After a careful review of the record, we conclude that the Secretary's denial of benefits under this section was supported by substantial evidence on the record as a whole.
 
 
 19
 Section 416(h)(3)(C)(ii) entitles an illegitimate child to benefits if the deceased insured "is shown by evidence satisfactory to the Secretary to have been the ... father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died." The burden to show paternity under this section is less stringent than that under Sec. 416(h)(2)(A); otherwise, if paternity was not shown under the latter, which must be considered first, the former would serve no practical purpose. Imani ex rel. Hayes v. Heckler, 797 F.2d 508, 512 n. 3 (7th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).
 
 
 20
 Sherrill argues that she established that Robinson was contributing to the support of the child, thereby qualifying Lamarko for benefits under Sec. 416(h)(3)(C)(ii). However, appellant has failed to meet the necessary antecedent requirement under this section that the deceased insured be shown by satisfactory evidence to be the father. The ALJ noted that the evidence in the record was insufficient to establish paternity under this section for the reasons discussed above, and particularly in view of the fact that the deceased wage-earner had a wife and legitimate children at the time of his death. We cannot say that the Secretary's determination was unreasonable in finding that there was not satisfactory evidence that the deceased insured was Lamarko's father. Thus, the issue of support becomes irrelevant.
 
 
 21
 Lastly, Sherrill claims that the actions of the ALJ deprived Lamarko of due process under the law. Specifically, Sherrill argues that the ALJ allowed and encouraged offensive statements and allowed inadmissible documents into evidence. The record reveals that the ALJ looked fully into the issues, questioned witnesses when necessary and accepted documents that were material to the issues. Furthermore, as long as the evidence is material, it may be received at a hearing even though it would be considered inadmissible under rules of evidence applicable to court procedures. See 20 C.F.R. Sec. 404.950(c) (1987). After a thorough review of the record, we conclude that Sherrill has had a full and fair administrative hearing in accordance with the applicable statutes and regulations set forth at 20 C.F.R. Sec. 404.944-961 (1987).
 
 
 22
 Accordingly, substantial evidence on the record as a whole supports the Secretary's final decision and because the evidence was properly evaluated, we affirm the district court's entry of summary judgment in favor of the Secretary.
 
 
 
 [1]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri