

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Joyce Shatteen, Dallas, Tex., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Betty Walker (Walker), for her minor daughter April Denise Walker (April), appeals from the district court's[1] order affirming the decision of the Secretary of Health and Human Services (Secretary) denying April's application for surviving child's benefits under 42 U.S.C. § 416(h)(3)(C)(ii) of the Social Security Act. For the reasons discussed below, we affirm.

The record shows that April was born July 27, 1978. Walker filed a complaint in state court in March 1981, alleging that Ray McGruder was the child's father, and

**Betty WALKER for April Denise WALKER, SS # 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, Appellant,**

v.

**Louis W. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Appellee.**

**No. 89-1470.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 24, 1990.

Decided June 14, 1990.

---

\* Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human

Services on March 1, 1989. Pursuant to Fed.R. App.P. 43(c)(1), he is substituted as appellee.

**1.** The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas, who conducted proceedings and entered judgment in the case pursuant to 28 U.S.C. § 636(c).

that he refused to acknowledge paternity or contribute to the child's support. In a sworn response to interrogatories in that paternity suit, Walker stated that McGruder had provided $35 to $40 on one or two occasions after the child was born. In his answer to the complaint, McGruder denied that he was the child's father and that he had any responsibility to contribute to her support. According to the attorney representing McGruder in those proceedings, the court made no finding as to parentage.

McGruder died in October 1983. Walker completed a Child Relationship Statement for the Social Security Administration in November 1983, indicating that McGruder was not making regular and substantial contributions to April's support at the time of his death. Walker made an additional statement in December 1983 that McGruder had not made regular contributions in about the last three years before his death.

April applied for surviving child's benefits in March 1986. After her application was denied, a hearing before an administrative law judge (ALJ) was held in October 1986. Walker, appearing with counsel, testified inter alia that McGruder gave her $40 to $100 each week when she was pregnant and after April was born; he set up an account for her at a neighborhood store, which she used all the time until the baby was "off of milk and Pampers"; he "never stopped" sending her money; he "always" gave her money; and the previous statement, that McGruder only gave her $35 or $40 on two occasions, was wrong. Exhibits which were made a part of the hearing record included statements and affidavits of various individuals (including the store-owner) attesting that McGruder had orally acknowledged he was April's father, and that he had contributed, or talked of contributing, to April's support.

In deciding that the conditions for entitlement to child's benefits had not been met, the ALJ stated with regard to 42 U.S.C. § 416(h)(3)(C)(ii) [2]:

> While the evidence includes statements by the claimant's mother and from several of the wage earner's friends and relatives indicating that the wage earner admitted orally he was the father of the child and gave money to the child, the evidence does not show that the wage earner was living with or contributing to the support of the child at the time the wage earner died. Rather, the claimant's mother reported that the wage earner only gave her $35.00 and $40.00 on two occasions during the last three years before his death. She specifically stated that the wage earner did not make regular contributions to her child for the last three years before his death.... Thus, since the claimant's mother testified that she never lived with the wage earner and the evidence shows that he was not contributing to the support of the child at the time of his death, ... the claimant cannot be considered or deemed a child of the wage earner and is not entitled to child's insurance benefits on the record of the wage earner.

When that decision became final upon the Appeals Council's denial of review, Walker sought judicial review pursuant to 42 U.S.C. § 405(g). Pointing to her own hearing testimony and the statements of friends admitted as exhibits, Walker contends there was ample evidence that McGruder contributed to April's support until his death.

We disagree. We note that the statements of friends regarding McGruder's contributions for April either referred to the first few years of April's life or mentioned no timeframe at all. Walker's hearing testimony supplied the only evidence that McGruder contributed to April's support *until his death*. Moreover, that testimony is contradicted by her earlier written

---

**2.** The statute provides as follows in pertinent part:

(h) Determination of family status

(3) An applicant who is the son or daughter of a fully or currently insured individual ... shall ... be deemed to be the child of such insured individual if:

(C) in the case of a deceased individual—

(ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

statements regarding the extent and frequency of McGruder's contributions to April's maintenance. We must therefore conclude that "substantial evidence on the record as a whole" supports the ALJ's decision that April is not entitled to surviving child's benefits. *See Sherrill for Sherrill v. Bowen,* 835 F.2d 166, 168 (8th Cir.1987).

Accordingly, we affirm the district court's entry of summary judgment in favor of the Secretary.