No. 95-3479

Karla Ann Holt, o/b/o Billy D.      *
Gipson,                             *
                                    *   Appeal from the United States
            Appellant,              *   District Court for the
                                    *   Western District of Arkansas.
      v.                            *
                                    *          [UNPUBLISHED]
Shirley S. Chater, Commissioner,    *
Social Security Administration,     *
                                    *
            Appellee.               *

_____

            Submitted:  July 25, 1996

            Filed:  August 7, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

      Karla Ann Holt, on behalf of her minor son, Billy D. Gipson, appeals
the district court's[1] decision affirming the Commissioner's denial of
surviving child's benefits under 42 U.S.C. § 402(d).  We affirm.

      Holt filed an application for surviving child's benefits on behalf
of Billy on the record of the deceased worker, Charles B. Darter, Jr., who
she alleged was Billy's father.  Her application was denied initially and
upon reconsideration, on the ground that she had not established that
Darter was Billy's father under either

_____

      [1]The Honorable Beverly R. Stites, United States Magistrate
Judge for the Western District of Arkansas, to whom the case was
referred for final disposition by consent of the parties pursuant
to 28 U.S.C. § 636(c).

Arkansas law or the Social Security Act (the Act). After a hearing, an administrative law judge (ALJ) concluded that paternity could be adjudicated before an ALJ, citing Zahradnik v. Sullivan, 966 F.2d 355, 356 (8th Cir. 1992). Based on Holt's testimony and blood test results showing a 96.32% probability that Darter was Billy's father, the ALJ concluded that substantial evidence existed that Billy was Darter's son and was entitled to benefits.

On its own motion, the Appeals Council reviewed the ALJ's decision. It concluded that Billy was not entitled to benefits because Arkansas had no law allowing an ALJ to adjudicate paternity in a Social Security proceeding, and Holt did not meet the Act's alternative requirements for establishing paternity. Holt subsequently sought judicial review, and the district court affirmed the Commissioner's decision.

We review the Commissioner's decision to determine whether it is supported by substantial evidence on the record as a whole. See 42 U.S.C. § 405(g); Robinson v. Shalala, 34 F.3d 665, 668 (8th Cir. 1994); Walker v. Sullivan, 905 F.2d 1186, 1188 (8th Cir. 1990) (per curiam).

As relevant to this case, Holt could prove paternity either by showing that Billy was entitled to take Darter's intestate personal property under Arkansas law, see 42 U.S.C. § 416(h)(2)(A), or by demonstrating "by evidence satisfactory to the Commissioner" that Darter was Billy's father and "was living with or contributing to the support of the applicant at the time such insured individual died," see 42 U.S.C. § 416(h)(3)(C)(ii). See also 20 C.F.R. § 404.355(a) & (d) (1995).

We agree with the Commissioner that the ALJ was not competent to adjudicate paternity under Arkansas law, because Arkansas does not have a statute corresponding to the Oregon law which allowed the ALJ to adjudicate paternity in Zahradnik. The relevant

Arkansas statute states in part that an illegitimate child may inherit property from his father provided that "a court of competent jurisdiction has established the paternity of the child." Ark. Code Ann. § 28-9-209(d)(1) (Michie 1987). Arkansas Chancery Court was the court of competent jurisdiction in which Holt should have brought a paternity action after Darter's death. See In re Estate of F.C., 900 S.W.2d 200, 200-01 (Ark. 1995). Holt has not established paternity in Arkansas court or otherwise shown that Billy is entitled to inherit Darter's personal property under Arkansas law.

Substantial evidence supports the Commissioner's decision that Holt also failed to establish paternity under the Act, because she did not show that Darter was contributing to Billy's support at the time of Darter's death. According to the testimony of Holt and her mother, Darter's total contributions to Billy's support consisted of a remote control car, an Easter basket, a dollar for a haircut, and--on more than one occasion--$10 for diapers or formula. This level of support does not approach the level required by the Act. See 20 C.F.R. § 404.366(a) (1995) (insured makes contributions for support when he gives cash or goods to help meet important part of ordinary living costs; contributions must be made regularly, and occasional gifts or donations for special purposes will not be considered contributions for support); Robinson, 34 F.3d at 668.

Holt argues that Darter's lack of support should be disregarded as it was due to his drug addiction. This argument is unavailing because, except for Holt's hearing testimony mentioning Darter's use of drugs, there is no evidence in the record regarding his alleged addiction. Cf. Steurer, 815 F.2d at 1251 (given lack of competent evidence, ALJ reasonably concluded that insured was not disabled--and therefore unable to support child--due to alleged drug addiction).

-3-

Finally, we decline to reach Holt's due process and equal protection challenge to Ark. Code Ann. § 28-9-209(d), because the issue was not sufficiently raised below.  See Clarke v. Bowen, 843 F.2d 271, 273 (8th Cir. 1988).

Substantial evidence supports the Commissioner's decision that Holt has not established Billy's entitlement to surviving child's benefits. Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.