Hortense BOATMAN *v.* Mable DAWKINS

87-219                                               743 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Mary Thomason*, for appellant.

*George Van Hook, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. The primary issue in this case is whether a statute which requires an illegitimate child to file a claim for her share of her father's estate within a shorter period of time than would be required for a legitimate child to do the same thing violates the equal protection clause of the fourteenth amendment. We uphold the constitutionality of such a statutory scheme and affirm the trial court.

On May 17, 1983, Steve Holmes died intestate, leaving an illegitimate child, Kristy Holmes, and another heir. On May 31, 1983, appellee, Mable Dawkins, filed a petition in probate court seeking to have herself appointed personal representative of the estate. *See* Ark. Code Ann. § 28-40-107 (1987), *replacing* Ark. Stat. Ann. § 62-2106 (Repl. 1971). The illegitimate child, Kristy, was not given notice of the petition for probate. *See* Ark. Code Ann. §§ 28-40-110 and -111 (1987), *replacing* Ark. Stat. Ann. §§ 62-2110 and -2111 (Repl. 1971 & Supp. 1985). On August 16, 1983, the petitioner was appointed administratrix. A final order closing the estate has not yet been entered. On March 6, 1986, the appellant, Hortense Boatman, as mother and next friend of Kristy filed a petition in probate court to determine heirship. *See* Ark. Code Ann. § 28-53-101 (1987), *replacing* Ark. Stat. Ann. § 62-2914 (Repl. 1971). The probate court found that Kristy was the illegitimate child of the decedent, but that she could not inherit because she had not asserted her claim within 180 days of her father's death. *See* Ark. Code Ann. § 28-9-209 (1987), *replacing* Ark. Stat. Ann. § 61-141(d) (Supp. 1985).

The appellant contends that since a legitimate child would have a longer period in which to assert his or her claim, the statutory scheme is unconstitutional. Ark. Code Ann. § 28-9-209 (1987), *replacing* Ark. Stat. Ann. § 61-141(d) (Supp. 1985) provides in pertinent part:

> (d) An illegitimate child or his descendants . . . may inherit real or personal property from his father or from his father's blood kindred provided that . . . an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction *within 180 days of the death of the father*;

(Emphasis added.)

In the argument section of her brief, the appellant cites a number of cases from the Supreme Court of the United States which stand for the proposition that the equal treatment protected by the fourteenth amendment prohibits unjustified discrimination against illegitimate children. *See, e.g., Reed* v. *Campbell,* ___ U.S. ___, 106 S.Ct. 2234 (1986); *Mills* v. *Habluetzel,* 456 U.S. 91 (1982); *Trimble* v. *Gordon,* 430 U.S. 762 (1977). We recognize the principle articulated by the Court, and we follow it. *Lucas* v. *Handcock,* 266 Ark. 142, 583 S.W.2d 491 (1979). The General Assembly also recognized the principle and rewrote the statute at issue in order that there would be no unjustified discrimination. In fact, the emergency clause to the statute at issue, Ark. Code Ann. § 28-9-209 (1987), *replacing* § 61-141(d) (Supp. 1985), provides that it was enacted expressly to comply with the dictates of *Trimble* v. *Gordon, supra.*

While unjustified discrimination against illegitimate children is prohibited, the Supreme Court has recognized that a statutory differentiation based solely on illegitimacy can be justified by a state's interests in preventing spurious claims against intestate estates, and in the maintenance of a prompt and accurate method of distributing an intestate's property. *Lalli* v. *Lalli,* 439 U.S. 259 (1978). Those state interests may "justify the imposition of special requirements upon an illegitimate child who asserts a right to inherit from her father, and, of course, it justifies the enforcement of generally applicable limitations *on the time* and in the manner in which claims may be asserted." (Emphasis added) *Reed* v. *Campbell,* ___ U.S. ___, 106 S.Ct. 2234 (1986). In *Lalli* v. *Lalli, supra,* the statutory limitation on the time an illegitimate child had to assert her claim was "during the lifetime of the father." The Supreme Court held that was a constitutionally valid limitation on time. In the case at bar the questioned statute gives the illegitimate child more time to make her claim, "within 180 days of the death of the father." Obviously, the statute, Ark. Code Ann. § 28-9-209 (1987), *replacing* Ark. Stat. Ann. § 61-141(d) (Supp. 1985), does not violate the equal protection clause of the fourteenth amendment.

The appellant next argues that the trial court erred in applying the 180 day period for asserting a claim as set out in Ark.

Code Ann. § 28-9-209 (1987), *replacing* Ark. Stat. Ann. § 61-141(d) (Supp. 1985). She contends that the trial court should have applied Ark. Code Ann. § 16-56-116 (1987), *replacing* Ark. Stat. Ann. § 37-226 (Repl. 1962), the statute of limitation which allows a minor up to three (3) years from the time he or she reaches majority to assert an action. The argument is without merit.

■ The probate statute giving an illegitimate child 180 days to file a claim is a statute creating a new right, and the right is created for only the 180 days. *See Modica* v. *Combs*, 158 Ark. 149, 249 S.W. 567 (1923). As was said by the Supreme Court of the United States in *Walsh* v. *Mayer*, 111 U.S. 31 (1884): "The provisions requiring it to be asserted in a particular mode and within a fixed time, are conditions and qualifications attached to the right itself, and do not form a part of the law of the remedy. If it is not asserted within the permitted period, it ceases to exist and cannot be claimed or enforced in any form." The distinction between a statute creating a new right and a true limitation statute is explained in 51 Am. Jur. 2d, *Limitation of Actions*, § 15:

> Statutes of limitation are to be distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever. The statute is an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist and the defendant is exempt from liability.

(Footnotes omitted.)

■ The appellant's last point of appeal is that she was not given notice of the petition for probate as required by Ark. Code Ann. § 28-40-111 (1987), *replacing* Ark. Stat. Ann. § 62-2111 (Supp. 1985), and, therefore the 180 day statute is inapplicable. This issue was not pleaded, nor was it brought to the attention of the trial court. During her opening statement, the appellant's counsel did mention the fact that "she should have been listed and given notice," but there was nothing more. At the end of the trial, the trial judge made a finding of fact that the child was the illegitimate child of the decedent and reserved judgment on the constitutionality of the 180 day statute. At that time this point of appeal was not brought to the trial court's attention. There were no post-trial motions raising the point. The point is being raised for the first time on appeal. We will not consider issues raised for the first time on appeal. *Tompos* v. *City of Fayetteville*, 280 Ark. 435, 658 S.W.2d 404 (1983).

Affirmed.

HOLT, C.J., and NEWBERN, J., concur.

HICKMAN, PURTLE, AND HAYS, JJ., dissent.

DAVID NEWBERN, Justice, concurring. The dissenting opinion expresses my United States constitutional sentiments; however, we are bound to follow those of the Supreme Court expressed in *Lalli* v. *Lalli*, 439 U.S. 259 (1978). No argument was presented on the issue of whether the Arkansas Constitution would require equal treatment for all children with respect to inheritance matters. Therefore, I concur in the majority opinion.

HOLT, C.J., joins in this concurrence.

JOHN I. PURTLE, Justice, dissenting. The majority's statement of the issue in this case is: "[W]hether a statute which requires an illegitimate child to file a claim for her share of her father's estate within a shorter period of time than would be required for a legitimate child to do the same thing violates the Equal Protection Clause of the Fourteenth Amendment." It seems to me that to ask the question is to answer it. Rephrased it could be put like this, "Is it all right to deny equal protection and due process to a child because of illegitimacy?"

I find the facts necessary to understand this case are insufficiently stated in the majority opinion. Therefore, I will set out what I consider to be relevant facts. Mable Dawkins is the mother of the decedent, Steve Holmes, and the decedent and Hortense Boatman are the parents of Kristy Holmes. When Kristy Holmes was born, Hortense Boatman and Steve Holmes executed an affidavit which acknowledged that Steve Holmes was Kristy's father. His name was also placed on the birth certificate. Kristy Holmes was nine months of age when her father died on May 17, 1983. Mable Dawkins visited her granddaughter Kristy even after her son's death.

Mable Dawkins filed a petition for appointment as administratrix of the estate of Steve Holmes on May 31, 1983. No notice was given to either Kristy Holmes or Hortense Boatman. Hortense Boatman learned of the petition on February 7, 1986, and filed a request for notice. On March 6, 1986, she filed a petition for determination of heirship on behalf of her daughter Kristy.

The trial court found that Kristy was the daughter of the decedent, but nonetheless was not entitled to inherit from her father's estate because her claim was not filed within 180 days of the opening of the estate as required by Ark. Code Ann. § 28-40-107 (1987).

No guardian or attorney *ad litem* was appointed for the nine month old daughter of the decedent and due to her age it was impossible for her to speak up for her rights without a duly authorized representative. Basic due process of law requires notice and an opportunity to be heard before any person can be deprived of life, liberty, or property. There was not even an attempt to meet such fundamental requirements in the present case. Even if Ark. Code Ann. § 28-9-209 (1987) is constitutional, the facts of the present case require a different result than that reached by the majority. The paternity had been established by the parents during the lifetime of the father of which the paternal grandmother was well aware.

The reasoning in *Lucas v. Handcock*, 266 Ark. 142, 583 S.W.2d 491 (1979), and in *Trimble v. Gordon*, 430 U.S. 762 (1977), is still controlling. We held in *Lucas* that denial of an illegitimate child's right to inherit from his father could not be justified on the basis of the compelling state interest in establish-

ing certainty in the disposition of a decedent's property. If prohibiting an illegitimate child from inheriting from his father's estate is not a proper state interest, then certainly limiting the right of inheritance by illegitimate children cannot be justified on the same grounds. The legitimate interest in promoting orderly disposition of a decedent's estate applies with equal force to a child born in or out of wedlock. There is no constitutional sanction for partial due process.

I see no valid purpose for continuing this dissent because the majority has cited most of the cases which I think establish the basis for declaring Ark. Code Ann. § 28-9-209 (1987) unconstitutional. As previously stated, the statute is discriminatory on its face and should be declared invalid.

HICKMAN and HAYS, JJ., join this dissent.