IN THE MATTER OF ESTATE OF F.C., DECEASED

94-618                                           900 S.W.2d 200

Supreme Court of Arkansas
Opinion delivered June 19, 1995

*Christopher M. Jester*, for appellant.

*Penix, Penix & Lusby*, by: *Bill Penix* and *J. Robin Nix II*, for appellee.

ANDREE LAYTON ROAF, Justice. This is a paternity case. Appellant R.P. filed a petition for appointment of administrator and a petition for paternity in the matter of the Estate of F.C., deceased. The probate judge found that a paternity action may not be pursued against a deceased father or his estate, and dismissed the petition. The sole issue presented on appeal is whether the death of the putative father precludes an action for the determination of paternity. We hold the probate court did not have subject matter jurisdiction, and affirm the dismissal on this basis.

## FACTS

F.C. died on May 14, 1986. On February 26, 1993, R.P. filed a petition for appointment of administrator in the matter of the Estate of F.C. in the Probate Court of Craighead County, contending that her daughter, E.P., born August 27, 1983, was the natural child of the decedent. The widow and the legitimate children of the decedent opposed the appointment of an administrator and asserted the petition was barred by the statute of limitations.

On September 14, 1993, R.P. filed a petition for paternity in the Matter of the Estate of F.C., once again asserting that the decedent was the father of E.P. and stating that she wanted to establish paternity for the "sole purpose of entitling the child to whatever military and other government benefits she would be entitled to as a result of F.C. being her father."

In response, the widow of F.C. filed a petition to be appointed special administratrix of the estate for the purpose of claiming the attorney-client privilege. An order appointing her special administratrix was entered on October 6, 1993. After the petitioner and respondents presented briefs regarding the applicable statutes of limitations, the probate judge dismissed both petitions. The judge found there was no specific statutory authority for a paternity action to be pursued against a deceased father or his estate and a paternity action against a putative father therefore dies when he dies. Because the sole purpose of the petition for appointment of administrator for the estate was to pursue the paternity action, the petition was dismissed.

The case was certified to the Supreme Court by the Court of Appeals pursuant to Ark. Sup. Ct. R. 1-2(d)(2) as a case which presents a novel issue of significant public interest and legal importance and under Rule 1-2(a)(3) as any decision will require the interpretation of conflicting statutes.

██ Although neither party addressed the question of subject matter jurisdiction, jurisdiction is a question we can address at any time. *Viswanathan* v. *Mississippi County C.C. Board*, 318 Ark. 810, 887 S.W.2d 531 (1994). In fact, it is not only the right but the duty of this Court to determine whether there is jurisdiction of the subject matter. *Id.* In this instance, the probate court was without jurisdiction over the paternity matter, and the dismissal should be affirmed. We will uphold the decision of the trial court when it reaches the right result, even if it did not enunciate the right reason. *Smith* v. *Denton*, 320 Ark. 253, 895 S.W.2d 550 (1995).

██ The probate court has jurisdiction over the administration, settlement, and distribution of estates of decedents and the determination of heirship. *See* Ark. Code Ann. § 28-1-104 (1987). Chancery court, however, has concurrent jurisdiction with the juvenile division of chancery court in cases and matters relating to paternity. Ark. Code Ann. § 9-10-101 (Repl. 1993); Ark. Code Ann. § 16-13-304(b) (Repl. 1994); Ark. Const. amend. 67. In the instant case, the sole purpose of the action is to establish paternity. Consequently, the probate court was without jurisdiction to hear the matter.

Arkansas Code Ann. § 28-9-209 (1987) provides that an illegitimate child *may inherit property* from his father provided an action is commenced or claim asserted *against the estate* of the father within 180 days of the death of the father. However, one of the following conditions must also be satisfied:

> (1) That a *court of competent jurisdiction has established the paternity of the child* or has determined the legitimacy of the child pursuant to subsections (a), (b), or (c) of this section; or
>
> (2) That the man has made a written acknowledgment that he is the father of the child; or
>
> (3) That the man's name appears with his written consent on the birth certificate as the father of the child; or

(4) That the mother and father intermarry prior to the birth of the child; or

(5) That the mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or

(6) That the putative father is obligated to support the child under written voluntary promise or by court order.

(Emphasis supplied.) Section 28-9-209(d)(1) clearly contemplates that even where the illegitimate child is attempting to inherit property from his father, the probate court cannot establish paternity — a court of *competent jurisdiction* must do so. Further, § 28-9-209 is found in the chapter entitled "Intestate Succession," and the sole purpose of the procedures outlined is to determine intestate succession. The instant case is simply not an action to determine heirship.

Also, in the instant case, the action was not commenced within 180 days as required by § 28-9-209. Further, Ark. Code Ann. § 28-40-103 (1987) provides no administration shall be granted unless application is made to the court within five years from the death of the decedent. The appellant, however, asserts that the two statutes are "not applicable in a paternity case" and "only apply to [a] situation in which a claim is going to be made against the estate." Consequently, she asserts the statutes should not bar the paternity action. This argument only serves to support the conclusion that the action must be commenced in chancery court because it is a paternity action and not a determination of heirship.

Because our affirmance of the trial court's dismissal is based upon a lack of subject matter jurisdiction, we do not reach the issue of whether a paternity action survives the death of the putative father.

Affirmed.

GLAZE, J., concurs in this opinion.