Jason V. BURNS  v.  ESTATE of Noel COLE

04–1343                                      219 S.W.3d 134

Supreme Court of Arkansas
Opinion delivered December 1, 2005

*Everett O. Martindale,* for appellant.

*Hartsfield, Almand & Denison, PLLC,* by: *William G. Almand,* for appellee.

BETTY C. DICKEY, Justice. Appellant Jason Virgil Burns challenges the circuit court's dismissal of his claim against appellee, the Estate of Jerry Noel Cole, in which he claims to be the natural child and heir of the deceased. He argues that the circuit court erred in (1) refusing to determine that he commenced an action or asserted a claim within 180 days from the death of the decedent, as required by Ark. Code Ann. section 28-9-209(d); (2) determining that one of the six conditions under section 28-9-209(d)(1) through (d)(6) must be satisfied within the 180-day requirement; and (3) finding that the deceased did not make a written acknowledgment that he was the natural father of Burns pursuant to section 28-9-209(2). This appeal requires interpretation of our statutes; therefore,

our jurisdiction in this case is pursuant to Ark. Sup. Ct. R. 1-2(b)(6) (Repl. 2005). We find no error and affirm.

Jerry Noel Cole died intestate on April 9, 2003, with his sisters, Barbara Matson and Judy Jameson, as his only known living heirs. On May 29, 2003, Ms. Matson and Ms. Jameson filed an affidavit for collection of the Cole estate. Later that day, Burns filed a Petition for Appointment of Administrator, stating that he was an interested party because he was the son of the decedent. The circuit court granted the petition, and Burns was named administrator of the estate. The circuit court later granted Burns' motion in which he requested authorization for the Arkansas Crime Lab to release a portion of the decedent's DNA to establish paternity. Burns subsequently received a DNA report, dated November 11, 2003, showing a 99.99% probability that the decedent was his natural father. Consequently, on April 26, 2004, Burns filed a motion seeking a judicial determination that he was the natural child of the decedent.

During a hearing on May 4, 2004, testimony revealed that Burns' birth name was Jason Virgil Cole. A few months after his birth, his mother changed his last name to Burns, the name of her husband, Donald Burns, so that the child would be able to receive military benefits as his son. The couple later divorced, and while Donald never adopted Jason, the chancery court found him to be his father and ordered him to pay child support. Many years later, after Jason Burns had fathered a daughter, evidence was presented that the decedent had sent Burns' mother a Christmas card stating that he wanted to have a relationship with his granddaughter. Burns argued that his Petition for Appointment of Administrator was an action commenced or claim asserted against the estate, and that it was filed within 180 days from the death of the decedent, as required by Ark. Code Ann. section 28-9-209(d). Additionally, he argued that the decedent acknowledged in writing that Burns was his natural child, pursuant to section 28-9-209(d)(2), by sending the Christmas card to Burns' mother.

The circuit court dismissed Burns' claims against the estate and revoked its order appointing Burns as personal representative of the estate. The court explained that filing a petition to administer an estate within 180 days of decedent's death could not be considered an action or claim against the estate pursuant to section 28-9-209(d). Additionally, the court found that the card sent by the decedent to Burns' mother was insufficient to establish written

acknowledgment that Burns was the natural child of the decedent under section 28-9-209(d)(2). Burns now appeals the circuit court's dismissal.

This court reviews probate proceedings *de novo,* and we will not reverse the decision of the probate court unless it is clearly erroneous. *Burch v. Griffe,* 342 Ark. 559, 29 S.W.3d 722 (2000); *Babb v. Matlock,* 340 Ark. 263, 9 S.W.3d 508 (2000); *Barrera v. Vanpelt,* 332 Ark. 482, 965 S.W.2d 780 (1998). Similarly, we review issues of statutory construction *de novo,* as it is for this court to decide what a statute means. *Stephens v. Arkansas Sch. for the Blind,* 341 Ark. 939, 20 S.W.3d 397 (2000); *Shaw v. Shaw,* 337 Ark. 530, 989 S.W.2d 919 (1999). We are not bound by the circuit court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

The basic rule of statutory construction is to give effect to the intent of the legislature. *Short v. State,* 349 Ark. 492, 79 S.W.3d 313 (2002). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* In addition, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Burnette v. State,* 354 Ark. 584, 127 S.W.3d 479 (2003).

At issue in this appeal is the language of Ark. Code Ann. section 28-9-209(d). Burns first contends that the mere filing of his Petition for Appointment of Administrator on May 29, 2003, qualifies as an "action" or "claim" against the estate under section 28-9-209(d). We disagree. By filing the petition for appointment as administrator of the estate, Burns was claiming to be the acknowledged legitimate son and heir of the decedent. "Heir denotes a person entitled by the law of descent and distribution to the real and personal property of an intestate decedent, but does not include a surviving spouse[.]" Ark. Code Ann. § 28-1-102(10).

It is clear that at the time the petition was filed, Burns had not been legally declared the legitimate child of the decedent. Indeed, the decree from Burns' mother's divorce and his most recent birth certificate indicated that Donald Burns was his natural father. Burns even admitted to his illegitimate status when he filed a motion requesting that the circuit court declare him as the natural child of the decedent. Moreover, although he attached a

DNA report to the motion, which showed a 99.99% probability that the decedent was his natural father, the motion was not filed until April 26, 2004, well beyond the 180-day requirement under Ark. Code Ann. section 28-9-209(d).

In sum, we conclude that because Burns has never been determined a legitimate heir of the decedent, his petition for appointment as administrator of the estate cannot constitute an action or claim against the estate under Ark. Code Ann. section 28-9-209(d). It logically follows that because the petition was not an action or claim against the estate, Burns did not comply with the 180-day requirement under section 29-9-209(d). For these reasons, the circuit court did not err in finding that Burns failed to comply with section 29-9-209(d).

The fact that Burns was not found to be a legitimate heir does not necessarily preclude him from inheriting from the estate. This leads us to Burns' second point on appeal, that he was not required to satisfy one of the six conditions set out in Ark. Code Ann. section 28-9-209(d)(1) through (d)(6) within 180 days from the death of the decedent. Section 28-9-209(d) provides in pertinent part:

> (d) ... The child may inherit real or personal property from his or her father or from his or her father's blood kindred, provided that at least one (1) of the following conditions is satisfied *and* an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father:
>
> (1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this section;
>
> (2) The man has made a written acknowledgment that he is the father of the child;
>
> (3) The man's name appears with his written consent on the birth certificate as the father of the child;
>
> (4) The mother and father intermarry prior to the birth of the child;
>
> (5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid;

(6) The putative father is obligated to support the child under a written voluntary promise or by court order.

Ark. Code Ann. § 28-9-209(d)(1) – (6) (emphasis added). Burns submits that because the last five conditions require compliance prior to the father's death, they are independent from the requirement that an action be commenced or a claim asserted against the estate within 180 days from the death of the decedent. Burns relies on *In re Estate of F.C.*, 321 Ark. 191, 743 S.W.2d 800 (1995), and *Boatman v. Dawkins*, 294 Ark. 421, 900 S.W.2d 200 (1988); however, these cases do not advance his argument. He quotes language from our opinion, *In re Estate of F.C.*, where we said:

> Arkansas Code Ann. § 28-9-209 (1987) provides that an illegitimate child may inherit property from his father provided an action is commenced or claim asserted against the estate of the father within 180 days of the death of the father. However, one of the following conditions must also be satisfied[.]

321 Ark. at 193, 900 S.W.2d at 201 (emphasis omitted). Therefore, according to Burns, it is clear that this court allows compliance with the six conditions under section 28-9-209(d)(1) through (d)(6) after 180 days from the death of the father. Burns clearly ignores the plain reading of section 28-9-209(d), which, again, states that an illegitimate child may inherit from his or her father, "provided that at least one (1) of the following conditions is satisfied *and* an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father[.]" (Emphasis added.) In the case of *In re Estate of F.C.*, we simply reiterated the language in the statute.

In addition, Burns cites *Boatman* for the same reason. There, according to Burns, we emphasized the 180-day requirement but failed to mention that one of the six conditions must be satisfied within that time frame. In *Boatman*, the probate court found, and we affirmed, that the appellant was the illegitimate child of the deceased father, but that she could not inherit because she failed to assert her claim within 180 days from her father's death. The conditions were not challenged. Instead, the issue was whether a statute requiring an illegitimate child to file a claim for her share of her father's estate within a shorter period of time than would be required for a legitimate child to do the same thing violates equal protection. Ironically, *Boatman* undermines Burns' position. In

*Boatman*, we examined Ark. Code Ann. section 28-9-209(d), and said, "The probate statute giving an illegitimate child 180 days to file a claim is a statute creating a new right, *and the right is created only for the 180 days*." 294 Ark. at 424, 743 S.W.2d at 802 (emphasis added) (citing *Modica v. Combs*, 158 Ark. 149, 249 S.W. 567 (1923)).

We do not agree that either *In re Estate of F.C.*, or *Boatman*, support Burns' position. As in *Boatman*, we construe section 28-9-209(d) strictly and conclude that the circuit court did not err in finding that one of the six conditions set out in section 28-9-209(d)(1) through (d)(6) was required to be satisfied within 180 days from the death of the decedent.

Finally, Burns maintains that the circuit court erred in finding that he failed to satisfy one of the six conditions enumerated in Ark. Code Ann. section 28-9-209(d)(1) through (d)(6). Specifically, he claims that he satisfied section 28-9-209(d)(2) by providing a Christmas card in which the decedent acknowledged in writing that Burns was his natural child by stating that he wanted to establish a relationship with Burns' daughter. Because we have concluded that Burns failed to commence an action or assert a claim pursuant to Ark. Code Ann. section 28-9-209(d), this issue is irrelevant, and we decline to address the merits of his claim.

Affirmed.