IN THE MATTER of THE ESTATE of
Harold E. KEATHLEY, Deceased

Robert Shelton *v*. Harold K. Keathley, A/K/A Kelton Keathley,
and the Unknown Heirs of Harold E. Keathley

06-633                                                    242 S.W.3d 223

Supreme Court of Arkansas
Opinion delivered November 2, 2006

*McHenry, McHenry & Taylor,* by: *Donna McHenry, Robert McHenry* and *Greg Taylor,* for appellant.

*Matthews, Sanders & Sayes,* by: *Doralee I. Chandler* and *Gail O. Matthews; Lightle, Raney, Bell & Simpson, LLP,* by: *A. Watson Bell,* for appellee Harold K. Keathley a/k/a Kelton Keathley.

Donald L. Corbin, Justice. Appellant Robert Shelton appeals the White County Circuit Court's order granting summary judgment in favor of Appellees Harold K. Keathley, a/k/a Kelton Keathley, and the Unknown Heirs of Harold E. Keathley (collectively known as "Kelton"). On appeal, Shelton raises three points for reversal: the trial court erred in (1) holding that Ark. Code Ann. § 28-9-209(d) (Repl. 2004) was applicable and controlled the present case; (2) granting summary judgment because genuine issues of fact exist on the counts filed against Kelton that are unrelated to a claim against the estate; and (3) finding that Kelton had no duty to inform Shelton of Harold E. Keathley's death. Because this case involves issues needing clarification of the law, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We find no error and affirm.

This is a probate matter arising after the December 22, 1993, death of Harold E. Keathley (the decedent). At the date of his death, a valid will existed; however, it was not probated nor was an estate opened. On January 24, 2005, Shelton filed a petition for determination of heirship and a complaint for constructive trust and constructive fraud against Kelton. In this suit, Shelton maintained that he was the illegitimate child of the decedent. Kelton answered the complaint and filed a motion for summary judgment asserting that, pursuant to section 28-9-209(d), the statute of limitations had expired as to Shelton's claim.

On May 18, 2005, Shelton filed his first amended and substituted petition and complaint. In response, Kelton filed a second motion for summary judgment. On July 7, 2005, Shelton filed his second amended and substituted petition. The next day the trial court denied Kelton's motion for summary judgment, finding that section 28-9-209 did not apply because there was no prior probate of the decedent's estate, and there is not a statute of limitations on a determination of heirship until there is an event that would affect an heir's pecuniary interests.

On January 12, 2006, Kelton filed a motion for reconsideration. In this motion, he argued that he was entitled to reconsideration of the July 8 order denying his motion for summary judgment based on this court's application of section 28-9-209(d) and its holding in Burns v. Estate of Noel Cole, 364 Ark. 280, 219 S.W.3d 134 (2005). On February 14, 2006, after reviewing Kelton's motion for reconsideration and Burns, the trial court granted summary judgment and dismissed Shelton's petition and

amended petitions. This order found that section 28-9-209(d) was applicable and controlling. Furthermore, the court found that Shelton failed to file or assert a claim within 180 days from the decedent's death or within 180 days of his discovery of the decedent's death and Shelton's possible relation. The court also found that there was no compliance with any of the six conditions of section 28-9-209(d) and that Kelton did not have a duty to inform Shelton of the decedent's death. This appeal followed.

Shelton's first argument on appeal is that the trial court erred in holding that section 28-9-209(d) was applicable and controlling in this case. Specifically, Shelton argues that the lawsuit was brought against Kelton, pursuant to Ark. Code Ann. § 28-39-407(b) (Repl. 2004), in Shelton's capacity as a pretermitted child. Moreover, Shelton asserts that because no claim was ever made against the decedent's estate, section 28-9-209(d) does not apply; therefore, he was not required to comply with the 180-day time limitation. On the other hand, Kelton argues that the trial court did not err because, essentially, Shelton is seeking to recover a portion of the estate's property held by Kelton. Thus, he asserts, the issue is nothing more than an application of the statutes to determine if the trial court properly relied upon section 28-9-209(d) in granting the motion for summary judgment and dismissing Shelton's case.

We review probate proceedings de novo and we will not reverse the decision of the probate court unless it is clearly erroneous. *Burns*, 364 Ark. 280, 219 S.W.3d 134. Similarly, we review issues of statutory construction de novo as it is for this court to decide what a statute means. *Id.* We will not reverse absent the showing that the trial court erred in its interpretation. *Id.* In the present case, we are also called upon to review an entry of summary judgment based upon the trial court's application of section 28-9-209(d). The standard of review when summary judgment has been granted is well settled:

> [S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Smith v. Brt*, 363 Ark. 126, 211 S.W.3d 485 (2005); *Dodson v. Taylor*, 346 Ark. 443, 57 S.W.3d 710 (2001). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate

review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

*City of Farmington v. Smith*, 366 Ark. 473, 237 S.W.3d 1 (2006).

As stated above, Shelton argues that because he sought to recover assets from Kelton as a pretermitted child, pursuant to section 28-39-407(b), he cannot be subjected to the 180-day limitation of section 28-9-209(d). This argument is without merit.

Section 28-39-407(b) states, in relevant part:

> PRETERMITTTED CHILDREN. If, at the time of the execution of a will, there is a living child of the testator ... whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue. The child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or she or they would have inherited had there been no will.

Pursuant to Ark. Code Ann. § 28-1-102(a)(1) (Repl. 2004), the term "child," as used in the Probate Code, means "a natural or adopted child, but *does not* include . . . an *illegitimate child except such as would inherit under the law of descent and distribution*[.]" (Emphasis added.) In reading section 28-1-102(a)(1) in conjunction with section 28-39-407(b), it is clear that an illegitimate, pretermitted child is *only* able to inherit as he would under the law of descent and distribution. Section 28-9-209(d) governs an illegitimate child's ability to inherit from his or her father and provides, in relevant part:

> An illegitimate child . . . may inherit real or personal property from his or her father or from his or her father's blood kindred, provided that at least one (1) of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father:

(1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this section;

(2) The man has made a written acknowledgment that he is the father of the child;

(3) The man's name appears with his written consent on the birth certificate as the father of the child;

(4) The mother and father intermarry prior to the birth of the child;

(5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or

(6) The putative father is obligated to support the child under a written voluntary promise or by court order.

Reading these statutes for their plain meaning, and in conjunction with one another, it is clear that in order for an illegitimate child to pursue a claim under the pretermitted child statute, he must also meet the requirements of section 28-9-209(d).

In the present case, Shelton filed suit against Kelton alleging, in part, that he was entitled as a pretermitted child to an intestate share of the decedent's estate. Kelton responded that Shelton's suit was controlled by section 28-9-209(d) and, thus, time barred. The trial court agreed with Kelton and granted summary judgment after finding that section 28-9-209(d) was applicable and controlling in this case. This finding was not in error. It is undisputed that Shelton did not fulfill any of the six requirements under section 28-9-209(d); he was not recognized by the decedent as a child nor has he been legally recognized as the decedent's child by a court of competent jurisdiction. Moreover, Shelton did not file an action within 180 days of the decedent's death.

Because section 28-9-209(d) governs the law of descent and distribution, as it applies to pretermitted children who are also illegitimate, it is unnecessary to examine Shelton's argument that his claims were not against the estate. The trial court did not err in

applying section 28-9-209(d) and finding that Shelton failed to comply with either the 180-day time limit or any of the six conditions. Because this case also involves a grant of summary judgment, it is still necessary to examine Shelton's arguments that material issues of fact remain.

For his second point of appeal, Shelton argues that the trial court erred in granting summary judgment as genuine issues of fact exist on the counts filed against Kelton that are unrelated to a claim against the estate. Shelton asserts that the trial court's ruling ignores the following four counts of his complaint: (1) Count II — Constructive Trust; (2) Count III — Constructive Fraud; (3) Count IV, which sought to recover a share of the estate from Kelton pursuant to the pretermitted child statute, section 28-39-407(b); (4) Count V — Partition of Real Estate. Moreover, Shelton argues that none of the factual findings relevant to the above claims have been addressed in the trial court's order, thus leaving open genuine issues of material fact. Shelton's argument is without merit because, as he correctly states in his brief, the "court's order totally disregarded each of these claims[.]" Because there is no specific ruling by the trial court for this court to review, this court will not consider these issues. *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006).

Additionally, even if Shelton's arguments had been preserved, we would not address these claims because they all rely on the assumption that he is the decedent's heir. As stated above, Shelton has never been recognized as the decedent's legitimate son. As such, the trial court did not err in granting summary judgment because no genuine issues of material fact remain.

Shelton's final argument is that the trial court erred in finding that Kelton did not have a duty to inform him of the decedent's death. Similar to his previous arguments, this argument stems from his assumption that he is an heir. Specifically, Shelton claims that he was an heir that should have been recognized, his existence was known by Kelton, and that Kelton, as executor of the will, had a fiduciary duty to all beneficiaries, including Shelton. As proposed by Shelton, these duties included the duty to deliver the decedent's will to probate, the duty to give notice to all interested parties, and the duty to safeguard the assets of the estate for all interested parties. As stated above, this court reviews probate proceedings de novo, and it will not reverse the decision of the probate court unless it is clearly erroneous. *Burns*, 364 Ark. 280,

219 S.W.3d 134. Upon review, we cannot say the court erred in finding that Kelton did not owe a duty to inform Shelton of the decedent's death.

■ First, Shelton argues that at the death of the testator, the law requires the person having custody of the will to deliver it to the proper court. *See* Ark. Code Ann. § 28-40-105 (Repl. 2004). While this is true in part, Shelton ignores the entirety of that provision, which states: "[a]fter the death of a testator, the person having custody of his or her will shall deliver it to the court which has jurisdiction of the estate *or to the executor named in the will.*" Ark. Code Ann. § 28-40-105(a) (emphasis added). Therefore, Kelton did not have a duty to deliver the will to the court because he was the named executor in the will.

■ Second, an interested party may petition the court for the admission of the will to probate, whether or not that will is in his possession. Ark. Code Ann. § 28-40-107 (Repl. 2004). In his argument, it seems as though Shelton believes that this transfers to the executor a duty of notices of publication and a duty to safeguard the assets for all interested parties. As pointed out above, Shelton has never been declared a legitimate heir and, consequently, he does not qualify as an interested person within the Probate Code. Moreover, he does not cite to any specific provision of the Probate Code nor any case law that supports his argument. We will not consider arguments, like this, that are not supported by citation to legal authority or by convincing argument. *Rose v. Arkansas State Plant Bd.*, 363 Ark. 281, 213 S.W.3d 607 (2005).

■ Lastly, Shelton argues that the court's finding was incorrect because an executor of a decedent's estate occupies a fiduciary position and must exercise the utmost good faith in all transactions affecting the estate. *See Warren v. Tuminello*, 49 Ark. App. 126, 898 S.W.2d 60 (1995). This argument ignores the fact that the will was not probated, an estate was not opened, and, consequently, Kelton was never appointed by the court to the position of executor thus triggering a fiduciary duty. As such, this latter assertion is also without merit. Therefore, the trial court did not err in finding that Kelton did not have a duty to inform Shelton of the decedent's estate.

Affirmed.