

# SUPREME COURT OF ARKANSAS

No. CV–13–623

| | |
|---|---|
| CARMELLA BELL<br><br>APPELLANT<br><br>V.<br><br>LANA EAGLE MCDONALD<br>APPELLEE | Opinion Delivered FEBRUARY 20, 2014<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. PR–2012–34–1]<br><br>HONORABLE THOMAS HUGHES, JUDGE<br><br>AFFIRMED. |

## CLIFF HOOFMAN, Associate Justice

Appellant Carmella Bell appeals from the circuit court's dismissal with prejudice of her petition to inherit from the Estate of Carl McDonald as a pretermitted child. On appeal, appellant argues (1) that the circuit court erred in finding that she did not meet the statutory requirements to inherit as an illegitimate child under Ark. Code Ann. § 28-9-209(d) and in dismissing her petition on this basis; and (2) that the circuit court's interpretation and application of the statute violated her rights to due process and equal protection under the United States Constitution. We assumed jurisdiction of this case pursuant to Ark. R. Sup. Ct. 1-2(b)(3), (5), and (6), as it involves issues of statutory and federal constitutional interpretation. We affirm.

Carl F. McDonald died on November 30, 2011, and the personal representative of his estate, appellee Lana Eagle McDonald, filed a petition to probate his will on February 14, 2012. The will, which was dated February 2, 2010, made no mention of appellant and stated

that the decedent had no children or other descendants. All of the decedent's property was devised to his sister, Rachael Phillips.

On February 27, 2012, and March 1, 2012, appellant filed identical pro se notices of her intent to contest the will, alleging that she was the decedent's sole child and heir. On May 24, 2012, after retaining counsel, appellant filed a Petition of Pretermitted Child to Receive Distribution, a Petition for Contest of the Will, and a Demand for Notice of Proceedings. The petition to receive distribution claimed that appellant was the pretermitted child of the decedent, that she was entitled to receive all of his estate as his sole heir, and that she was asserting her claim against his estate within 180 days of his death as required under Ark. Code Ann. § 28-9-209(d).

On June 4, 2012, appellee filed a motion to dismiss appellant's petition to receive distribution as a pretermitted child, asserting that appellant was not a child of the decedent and that she was not entitled to inherit from the decedent's estate because she did not timely comply with the requirements of Ark. Code Ann. § 28-9-209(d). Specifically, appellee alleged that appellant failed to file an action or claim against the estate and to establish her paternity within the 180-day period required under the statute. Appellee noted that appellant's mother, Regina Wingard, had recently filed a motion to establish paternity in a separate division of the White County Circuit Court, and appellee attached a copy of this motion as an exhibit.[1] Wingard asserted in that motion that appellant was actually the

---

[1]This motion to establish paternity has a certificate of service on appellee that is dated May 21, 2012, although there is no file stamp to indicate when and if it was filed with the

decedent's child, although appellant had been presumed to be the legitimate child of Wingard and her ex-husband, Paul McDonald, who was also the decedent's brother, because Wingard and Paul McDonald had been married at the time of appellant's birth. Wingard requested that scientific paternity testing be conducted to formally establish paternity of appellant.

In response to appellee's motion to dismiss, appellant argued that she had filed her petition to receive distribution, which she asserted was a claim against the decedent's estate, within the 180-day time period required by the statute. Appellant further asserted that her mother had commenced a paternity action on or about May 21, 2012, and that the conditions listed in Ark. Code Ann. § 28-9-209(d)(1)–(6) do not have to be satisfied within 180 days of the decedent's death. Appellant argued that it was unreasonable to require that a paternity action be completed within 180 days and that the additional burden that would be placed on an illegitimate child from this interpretation of the statute would be a violation of her constitutional rights to due process and equal protection.

After a hearing was held on appellee's motion to dismiss, the circuit court entered an order on March 28, 2013, dismissing appellant's petition with prejudice due to her failure to comply with Ark. Code Ann. § 28-9-209(d). The court rejected appellant's interpretation of the statute and found that appellant had failed to satisfy any of the conditions set forth in section 28-9-209(d)(1)–(6) within 180 days of the decedent's death. The court also rejected appellant's constitutional argument that this construction of the statute violated her rights to

---

circuit court.

SLIP OPINION

due process and equal protection. The court further found that appellant's petition to receive distribution did not constitute an action commenced or claim asserted against the estate. Appellant filed a timely notice of appeal from the circuit court's order.

On appeal, appellant argues that the circuit court erred in finding that she did not meet the statutory requirements to inherit as an illegitimate child and in dismissing her claim against the estate with prejudice. When reviewing a circuit court's decision on a motion to dismiss for failure to state a claim pursuant to Ark. R. Civ. P. 12(b)(6), we treat the pleadings and the allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Fitzgiven v. Dorey*, 2013 Ark. 346, ___ S.W.3d ___. Although we review probate proceedings de novo, we do not reverse the circuit court's findings unless they are clearly erroneous. *Burns v. Estate of Cole*, 364 Ark. 280, 219 S.W.3d 134 (2005). We also review issues of statutory interpretation de novo and are not bound by the circuit court's interpretation of a statute. *Id*. However, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. *Id*.

The primary issue in this appeal is the interpretation of Ark. Code Ann. § 28-9-209(d) (Repl. 2012), which is set forth below:

> (d) An illegitimate child or his or her descendants may inherit real or personal property in the same manner as a legitimate child from the child's mother or her blood kindred. The child may inherit real or personal property from his or her father or from his or her father's blood kindred, provided that at least one (1) of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father:
> (1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this

section;
(2) The man has made a written acknowledgment that he is the father of the child;
(3) The man's name appears with his written consent on the birth certificate as the father of the child;
(4) The mother and father intermarry prior to the birth of the child;
(5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or
(6) The putative father is obligated to support the child under a written voluntary promise or by court order.

The cardinal rule of statutory construction is to give effect to the intent of the legislature. *Burns*, *supra*. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *Id.*

Appellant first argues that the circuit court erred in finding that her petition to receive distribution as a pretermitted child did not qualify as a timely "action commenced" or "claim asserted" against the decedent's estate under section 28-9-209(d). She contends that her petition clearly asserted a claim against the estate by asserting her right to inherit from the decedent, that it was filed with a court of competent jurisdiction that was handling the probate matter, and that the petition was filed within 180 days of the decedent's death. We need not address the merits of this particular contention, however, because we find our decision on appellant's next argument to be dispositive of her first point on appeal.

Appellant next contends that the circuit court erred in interpreting the statute to require that not only must an action be commenced or a claim asserted within 180 days of a decedent's death, one of the six conditions listed in subsection (d) must also be completed

within that time period. According to appellant, the 180-day time limitation contained in subsection (d) applies only to the filing of a claim or commencement of an action, not to the requirement in the statute that at least one of the conditions be satisfied. As support for this argument, appellant submits that five out of the six conditions require compliance prior to the father's death and that there would be no reason for the legislature to apply the 180-day time limitation to these conditions. Further, with regard to subsection (d)(1), which was the only condition that appellant claimed to be satisfied in this case, appellant asserts that her mother commenced a paternity action in a court of competent jurisdiction within the 180-day time period and argues that a litigant has little control over the completion of such an action. Thus, she contends that the circuit court erred in dismissing her petition while the paternity action was pending.

With respect to appellant's argument that the paternity action had been commenced, if not concluded, within 180 days of the decedent's death and that this was sufficient to prevent dismissal of her petition, appellee correctly notes that the copy of the motion to establish paternity filed by appellant's mother that is included in the addendum and the record is not file-marked by the circuit court. Appellee thus contends that appellant has failed to demonstrate that a paternity action was in fact filed within the required time period in a court of competent jurisdiction.

Regardless of whether appellant has shown that a paternity action was timely filed, however, this court has previously interpreted section 28-9-209(d) as requiring that at least one of the conditions listed in the subsection be satisfied within the 180-day time period. *See*

SLIP OPINION

*Burns*, *supra*. In *Burns*, an illegitimate child filed a petition for appointment of administrator of his putative father's estate. While this petition was filed within 180 days, this court held that the petition did not constitute an action commenced or claim asserted against the estate because he had never been determined a legitimate heir of the decedent. *Id*. at 284, 219 S.W.3d at 137. We also addressed Burns's second point on appeal, which was virtually identical to appellant's argument in this case, that he was not required to satisfy one of the six conditions set out in section 28-9-209(d) within 180 days. *Id*. We rejected Burns's argument, stating that the plain language of the statute indicated that both requirements, the filing of the claim and the satisfaction of one of the conditions, must be satisfied within the 180-day time frame. *Id*. at 285, 219 S.W.3d at 138.

Appellant contends that this court is not bound by our holding in *Burns*, *supra*, because the portion of the opinion where we address whether the statutory conditions are subject to the 180-day limitation is merely dicta and is not controlling in this case. However, even if appellant is correct in this contention, we find under a plain reading of the language in the statute that one of the six conditions must have been satisfied *and* an action commenced or a claim asserted against the estate prior to the expiration of the 180-day time period. We note that five out of the six statutory conditions may only be satisfied prior to the putative father's death and that the remaining condition found in subsection (d)(1), on which appellant relies, uses the past tense and states that "[a] court of competent jurisdiction *has established* the paternity of the child . . . ." Ark. Code Ann. § 28-9-209(d)(1) (Repl. 2012) (emphasis added). While appellant attempts to support her suggested interpretation of the statutory

SLIP OPINION



language by referring to other portions of the statute in an attempt to determine the legislature's intent, we will not search for legislative intent where the relevant language is plain and unambiguous. *McMillan v. Live Entm't, Inc.*, 2012 Ark. 166, 401 S.W.3d 473.

Appellant cites to several other cases in an attempt to show that this court has only applied the 180-day limitation to the filing of the claim or the commencement of the action, and not to the conditions listed in subsection (d)(1)– (6). *See In re Estate of Keathley*, 367 Ark. 568, 242 S.W.3d 223 (2006); *In re Estate of F.C.*, 321 Ark. 191, 900 S.W.2d 200 (1995); *Boatman v. Dawkins*, 294 Ark. 421, 743 S.W.2d 800 (1988). However, none of these cited cases directly addressed the issue of whether one of the six statutory conditions must be satisfied prior to the expiration of 180 days. In fact, our decision in *Boatman*, *supra*, is contrary to appellant's suggested interpretation of the statute, as we stated in that case that Ark. Code Ann. § 28-9-209 "is a statute creating a new right, and the right is created for only the 180 days." *Id*. at 424, 743 S.W.2d at 802. Thus, the circuit court did not err in its interpretation of the statute or in finding that appellant did not timely meet the statutory requirements, and we affirm on this point.

In her second point on appeal, appellant argues that if the circuit court's interpretation of the statute as requiring completion of one of the six conditions within 180 days of the death of the putative father is correct, then the dismissal of her claim with prejudice denies her the protection guaranteed in the equal-protection and due-process clauses of the federal constitution. She contends that this state's probate scheme, including the statute in question, places burdens on those attempting to inherit as illegitimate children that are not required of

SLIP OPINION

legitimate children.

We find no merit to appellant's constitutional arguments. As appellee asserts, this court has previously rejected an equal-protection argument with regard to this statute in *Boatman*, *supra*. In *Boatman*, we upheld the constitutionality of Ark. Code Ann. § 28-9-209, stating that "the Supreme Court has recognized that a statutory differentiation based solely on illegitimacy can be justified by a state's interests in preventing spurious claims against intestate estates, and in the maintenance of a prompt and accurate method of distributing an intestate's property." *Id*. at 423, 743 S.W.2d at 801 (citing *Lalli v. Lalli*, 439 U.S. 259 (1978)). We noted that in *Lalli*, the Supreme Court upheld a statute that required an illegitimate child to assert a claim during the lifetime of the father. *Boatman*, 294 Ark. at 423, 743 S.W.2d at 802. We therefore held that our statute, which gives an illegitimate child 180 days to make her claim, clearly does not violate the equal-protection clause. *Id*.

Appellant recognizes this court's holding in *Boatman*, but contends that, in the context of this case, a requirement that an illegitimate child must start and conclude a paternity action within 180 days of a putative father's death, even if the administration of the estate is not yet concluded, cannot be justified by any state interest. However, as appellee correctly points out in her brief, appellant is not even authorized to file a paternity action on her own behalf under Ark. Code Ann. § 9-10-104 (Repl. 2009) because she is a person for whom paternity is presumed. *Hall v. Freeman*, 327 Ark. 148, 936 S.W.2d 761 (1997). Thus, appellant cannot argue that her equal-protection rights are violated by a requirement that she complete a paternity action within 180 days when she had no right to bring the action at all under a

different statute that is not challenged in this appeal.

With regard to her due-process claim, appellant similarly argues that an interpretation of Ark. Code Ann. § 28-9-209(d) that requires an illegitimate child to have not only begun, but also completed, a paternity suit within 180 days of the decedent's death "creates constitutional infirmities relating to due process." However, as stated above, appellant has no right to bring a paternity action in the first instance under the facts in this case; therefore, she cannot show an infringement on her due-process rights from the circuit court's interpretation of the statute requiring her to have completed a paternity action within 180 days of the decedent's death. Thus, the circuit court did not err in dismissing appellant's petition due to her failure to satisfy the statutory requirements, and we affirm.

Affirmed.

BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority has clearly erred in holding that Arkansas Code Annotated section 28-9-209(d) (Repl. 2012), bars Carmella Bell from inheriting from the Estate of Carl McDonald. By its plain wording, section 28-9-209(d) applies only to "illegitimate" children. As the majority notes, Ms. Bell was born while her mother, Regina Wingard, was married to Paul McDonald. Arkansas Code Annotated section 28-9-209(a)(2) states: "(2) A child born or conceived during a marriage is presumed to be the legitimate child of both spouses for the same purposes." Accordingly, Ms. Bell was not an *illegitimate* child.

Not only has the majority failed to acknowledge that this section is inapplicable, it has,

SLIP OPINION

lamentably, also endorsed a patently wrong construction of section 28-9-209(d), first promulgated in *Burns v. Estate of Cole*, 364 Ark. 280, 219 S.W.3d 134 (2005), to cut off Ms. Bell's bid to inherit from a man who, if proven to be her biological father, had never supported her. Section 28-9-209(d) states as follows:

> (d) An illegitimate child or his or her descendants may inherit real or personal property in the same manner as a legitimate child from the child's mother or her blood kindred. The child may inherit real or personal property from his or her father or from his or her father's blood kindred, provided that at least one (1) of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father:

> (1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this section;

> (2) The man has made a written acknowledgment that he is the father of the child;

> (3) The man's name appears with his written consent on the birth certificate as the father of the child;

> (4) The mother and father intermarry prior to the birth of the child;

> (5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or

> (6) The putative father is obligated to support the child under a written voluntary promise or by court order.

The *Burns* court interpreted the phrase "within one hundred eighty (180) days of the death of the father" to not only modify the time within which an action or claim against the estate must be initiated, but also to set temporal parameters for satisfying at least one of six conditions. The apparent myopia of the *Burns* court—and today's majority—comes from the

fact that only one of the conditions may possibly accrue after the death of the father. However, if the 180-day limitation applies to the first condition, it must also apply to the other five conditions. Not only does the majority's interpretation violate the rules of grammar regarding independent clauses, it also defies logic and the rules of statutory construction. Because this proposition is obviously untenable, it shows that the majority's interpretation of the statute is misguided. I cannot ignore that the *Burns* court denied the right to inherit to a child who *did* have a DNA test that showed he was 99.9% likely the biological child of the decedent.

Further, I cannot agree with the majority's analysis of Ms. Bell's second point wherein she asserts that she was denied due process. The majority disposes of Ms. Bell's constitutional arguments relating to section 28-9-209 by citing yet another statute, Arkansas Code Annotated section 9-10-104 (Repl. 2009), for the proposition that Ms. Bell is not authorized to file a paternity action on her own behalf. In doing so, the majority fails to address whether the latter statute, by not expressly authorizing a presumptively legitimate child to be a party who may bring a paternity action, suffers from similar equal protection or due process infirmities. Thus the majority, by answering one constitutional argument by citing to another statute, fails to address the core constitutional claims raised by Ms. Bell.

The purpose behind the Due Process Clause is to guarantee a litigant access to enough legal process to secure justice under the law. I cannot agree with the majority when it states that Ms. Bell's right to due process has not been violated because she had no right to bring a paternity action. In my opinion, such a pronouncement offends both logic and justice.

I respectfully dissent.

BAKER, J., joins.



*Hyden, Miron & Foster, PLC*, by: *Shaneen Sloan* and *Guy W. Murphy, Jr.*, for appellant.

*Steven B. Jordan, P.A.*, by: *Steven B. Jordan*, for appellee.