JOSEPHINE LINKER HART, Justice, dissenting. The majority has clearly erred in holding that Arkansas Code Annotated section 28 — 9—209(d) (Repl.2012), bars Carmella Bell from inheriting from the Estate of Carl McDonald. By its plain wording, section 28 — 9—209(d) applies only to “illegitimate” children. As the majority notes, Ms. Bell was born while her mother, Regina Wingard, was married to Paul McDonald. Arkansas Code Annotated section 28-9-209(a)(2) states: “(2) A child born or conceived during a marriage is presumed to be the legitimate child of both spouses for the same purposes.” Accordingly, Ms. Bell was not an illegitimate child. Not only has the majority failed to acknowledge that this section is inapplicable, it has, | ulamentably, also endorsed a patently wrong construction of section 28-9-209(d), first promulgated in Burns v. Estate of Cole, 364 Ark. 280, 219 S.W.3d 134 (2005), to cut off Ms. Bell’s bid to inherit from a man who, if proven to be her biological father, had never supported her. Section 28-9-209(d) states as follows: (d) An illegitimate child or his or her descendants may inherit real or personal property in the same manner as a legitimate child from the child’s mother or her blood kindred. The child may inherit real or personal property from his or her father or from his or her father’s blood kindred, provided that at least one (1)of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father: (1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this section; (2) The man has made a written acknowledgment that he is the father of the child; (3) The man’s name appears with his written consent on the birth certificate as the father of the child; (4) The mother and father intermarry prior to the birth of the child; (5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or (6) The putative father is obligated to support the child under a written voluntary promise or by court order. The Bums court interpreted the phrase “within one hundred eighty (180) days of the death of the father” to not only modify the time within which an action or claim against the estate must be initiated, but also to set temporal parameters for satisfying at least one of six conditions. The apparent myopia of the Bums court — and today’s majority — comes from the |12fact that only one of the conditions may possibly accrue after the death of the father. However, if the 180-day limitation applies to the first condition, it must also apply to the other five conditions. Not only does the majority’s interpretation violate the rules of grammar regarding independent clauses, it also defies logic and the rules of statutory construction. Because this proposition is obviously untenable, it shows that the majority’s interpretation of the statute is misguided. I cannot ignore that the Bums court denied the right to inherit to a child who did have a DNA test that showed he was 99.9% likely the biological child of the decedent. Further, I cannot agree with the majority’s analysis of Ms. Bell’s second point wherein she asserts that she was denied due process. The majority disposes of Ms. Bell’s constitutional arguments relating to section 28-9-209 by citing yet another statute, Arkansas Code Annotated section 9-10-104 (Repl.2009), for the proposition that Ms. Bell is not authorized to file a paternity action on her own behalf. In doing so, the majority fails to address whether the latter statute, by not expressly authorizing a presumptively legitimate child to be a party who may bring a paternity action, suffers from similar equal protection or due process infirmities. Thus the majority, by answering one constitutional argument by citing to another statute, fails to address the core constitutional claims raised by Ms. Bell. The purpose behind the Due Process Clause is to guarantee a litigant access to enough legal process to secure justice under the law. I cannot agree with the majority when it states that Ms. Bell’s right to due process has not been violated because she had no right to bring a paternity action. In my opinion, such a pronouncement offends both logic and justice. I respectfully dissent. BAKER, J., joins.