Clayron Gene RASBERRY *v.* Pamela Rasberry IVORY, *et al.*

CA 98-1509                                        998 S.W.2d 431

Court of Appeals of Arkansas
Division I
Opinion delivered September 8, 1999

228

*Melvin E. Petty*, for appellant.

*Baim, Gunti, Mouser. Robinson & Havner*, by: *Kenneth B. Baim* and *Kyle Havner*, for appellees.

JOHN MAUZY PITTMAN, Judge. Appellant is the illegitimate son of Willie Rasberry, who died intestate in 1988. He was survived by his widow, Mary Rasberry; by his daughter, Pamela Rasberry Ivory; and by the appellant, his illegitimate son. At the time of his death, Willie Rasberry owned three parcels of real estate in Jefferson County, Arkansas. In July 1997, appellant and Pamela Rasberry Ivory executed a deed by which they relinquished any claim to the homestead of Mary Rasberry. In September 1997, Mary Rasberry and Pamela Rasberry executed a deed granting the remaining parcels of real estate owned by Willie Rasberry at his death to Betty and Charles Wesson. On May 12, 1998, appellant filed a petition alleging that he was an heir of Willie Rasberry and seeking partition of the three parcels of land. Appellees filed a motion for summary judgment asserting that appellant's claim was barred because he failed to assert a claim against the estate within 180 days of the decedent's death as required by Ark. Code Ann. § 28-9-209(d) (1987). Appellant admitted that he failed to assert his claim within 180 days of his father's death but argued that his untimeliness was excused because the appellees always recognized him as the son of Willie Rasberry and were therefore estopped to deny his parentage. The trial judge granted appellees' motion for summary judgment, finding that appellant was not ignorant of the fact of his illegitimacy

and therefore could not claim estoppel. From that decision, comes this appeal.

For reversal, appellant contends that the chancellor erred in ruling that appellees were not estopped from invoking Ark. Code Ann. § 28-9-209. We find no error, and we affirm.

■ ■ Arkansas Code Annotated § 28-9-209(d) (1987) deals with the effect of a child's legitimacy on his ability to inherit, and provides that:

> (d) An illegitimate child or his descendants may inherit real or personal property in the same manner as a legitimate child from the child's mother or her blood kindred. The child may inherit real or personal property from his father or from his father's blood kindred provided that at least one (1) of the following conditions is satisfied *and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father:*

> (1) That a court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsections (a), (b), or (c) of this section; or

> (2) That the man has made a written acknowledgment that he is the father of the child; or

> (3) That the man's name appears with his written consent on the birth certificate as the father of the child; or

> (4) That the mother and father intermarry prior to the birth of the child; or

> (5) That the mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or

> (6) That the putative father is obligated to support the child under a written voluntary promise or by court order.

(Emphasis supplied.) This statute creates a right unknown at common law, and the right is created for only the 180 days; *i.e.,* the 180-day period is a condition qualifying the right of action, and not a mere limitation on the remedy. *Boatman v. Dawkins,* 294 Ark. 421, 743 S.W.2d 800 (1988). As the United States Supreme

Court said in *Walsh v. Mayer*, 111 U.S. 31, 37 (1884), "[t]he provisions requiring it to be asserted in a particular mode and within a fixed time, are conditions and qualifications attached to the right itself, and do not form a part of the law of the remedy. If it is not asserted within the permitted period, it ceases to exist and cannot be claimed or enforced in any form."

■■ Appellant contends that appellees are estopped to rely on Ark. Code Ann. § 28-9-209(d) because appellant has always been acknowledged to be Willie Rasberry's son, was named as such in Willie Rasberry's obituary, and was described as an "heir" of Willie Rasberry in the July 1997 deed executed by appellant and Pamela Rasberry Ivory by which they relinquished any claim to the homestead of Mary Rasberry. Even assuming that the doctrine of estoppel could serve to circumvent the requirement of asserting a claim within the 180-day period (a question we need not decide), we do not agree. Four requirements must be satisfied before the doctrine of equitable estoppel will apply: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his or her conduct be acted on or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the latter must be ignorant of the true facts; and (4) must rely on the former's conduct to his or her injury. *Miller County v. Opportunities, Inc.*, 334 Ark. 88, 971 S.W.2d 781 (1998). In the present case the description of appellant as an "heir" of Willie Rasberry in the 1997 deed could not work an estoppel because the 180-day period for asserting a claim under the statute expired many years before appellant was so described in the deed, and appellant therefore could not have relied on the description to his detriment. Nor do we think that any estoppel could arise from the mere fact that appellant had always been acknowledged to be Willie Rasberry's son. There was evidence that many of the appellees did, in fact, acknowledge that appellant was Willie Rasberry's son; however, the crucial issue in the case at bar is not appellant's lineage but is instead his legitimacy. Although appellant was recognized and accepted as a family member despite his illegitimate birth, nothing in the record indicates that appellees ever led appellant to believe that he was not illegitimate or that he could inherit from his father without

filing a claim within the statutory time period. Under these circumstances, we hold that the chancellor did not err in ruling that appellant failed to establish estoppel.

Affirmed.

BIRD and ROAF, JJ., agree.