Jim DEFIR *v.* Verna REED

CA 07-1322                                                  288 S.W.3d 711

Court of Appeals of Arkansas
Opinion delivered October 29, 2008

[Rehearing denied December 10, 2008.]

*John F. Gibson, Jr.*, for appellant.

*Sara M. Hartness*, for appellee.

JOSEPHINE LINKER HART, Judge. Jim Defir appeals an order of the Drew County Circuit Court voiding a deed that purported to convey property to Defir from W. G. Langdon. The order also contained express findings that the appellee, Verna Reed, was the natural daughter of Langdon and that the signature on the deed was not that of Langdon. On appeal, Defir argues that the trial court erred in finding that Reed is Langdon's heir and in quieting title in her name. We reverse and remand.

Several facts are not in dispute. Langdon died intestate on May 24, 2001. No estate was opened. Reed's parents never married. However, Reed's mother, Ida Pearl Calhoun, had Langdon's name placed on a delayed birth certificate when Reed was six years old. Later, by warranty deed dated September 14, 1998, Langdon conveyed twenty acres of land to Reed. The deed recited as the consideration, "the love and affection I have for my daughter, Verna Langdon Reed." Also undisputed is the fact that on March 1, 2001, Defir recorded a quit-claim deed conveying another twenty acres of land from Langdon to Langdon and Defir as joint tenants with right of survivorship. On April 11, 2005, Reed filed a petition to quiet title in the land purportedly conveyed by that deed.[1] She asserted that she was Langdon's "sole heir" and that the deed was a forgery. In his answer, Defir specifically denied that Reed was Langdon's daughter. At a hearing on Reed's petition, Defir asserted for the first time that Reed's failure to follow the requirements of Arkansas Code Annotated section 28-9-209 (Repl. 2004), rendered her without standing to assert title to the disputed property. It was not disputed that Reed did not commence an action or assert a claim against Langdon's estate within 180 days of Langdon's death. Nonetheless, the trial court found in favor of Reed.

---

[1] Although styled as an action to quiet title, broadly construing the pleadings as we are required to under the Arkansas Rules of Civil Procedure, we believe that this complaint was actually a petition to cancel an instrument and remove cloud of title. *See generally Rowe v. Allison*, 87 Ark. 207, 112 S.W. 395 (1908).

On appeal, Defir argues, as he did to the trial court, that Reed's failure to follow the requirements of section 28-9-209 denies her the right to inherit property. Citing *Raspberry v. Ivory*, 67 Ark. App. 227, 998 S.W.2d 431 (1999), he asserts that the "statute creates a right unknown at common law, and the right is created for only 180 days, *i.e.*, the 180-day period is a condition qualifying the right of action, and not a mere limitation on the remedy." Accordingly, Reed failed to meet her burden of establishing her ownership of the land in question. We agree that the trial court erred in finding that Reed was an heir.

We conduct a de novo review actions that have traditionally been tried in chancery court. *City of Cabot v. Brians*, 93 Ark. App. 77, 216 S.W.3d 627 (2005). However, we will not reverse the circuit court's findings in such actions unless the findings are clearly erroneous. *See id.* A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Id.* However, we also review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *Maddox v. City of Fort Smith*, 369 Ark. 143, 251 S.W.3d 281 (2007). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

We believe that the trial court clearly erred in finding that Reed was Langdon's heir. That legal status depended on her satisfying the requirements of Arkansas Code Annotated section 28-9-209, which she clearly did not do. The 1998 deed whereby Langdon conveyed twenty acres of land to Reed for "the love and affection I have for my daughter, Verna Langdon Reed," may have, at best, arguably satisfied the requirement under the statute that Langdon make "a written acknowledgment that he is the father of the child." However, there is no dispute that Reed failed to commence an action or assert a claim against Langdon's estate within 180 days of his death. Accordingly, she cannot inherit property from Langdon through intestate succession, and consequently, her claim to the disputed real estate is unsubstantiated.

Reversed and remanded.

GLADWIN and HEFFLEY, JJ., agree.