CLIFF HOOFMAN, Justice. | Appellant Carmella Bell appeals from the circuit court’s dismissal with prejudice of her petition to inherit from the Estate of Carl McDonald as a pretermitted child. On appeal, appellant argues (1) that the circuit court erred in finding that she did not meet the statutory requirements to inherit as an illegitimate child under Ark. Code Ann. § 28-9-209(d) and in dismissing her petition on this basis; and (2) that the circuit court’s interpretation and application of the statute violated her rights to due process and equal protection under the United States Constitution. We assumed jurisdiction of this case pursuant to Ark. R. Sup.Ct. l-2(b)(3), (5), and (6), as it involves issues of statutory and federal constitutional interpretation. We affirm. Carl F. McDonald died on November 30, 2011, and the personal representative of his estate, appellee Lana Eagle McDonald, filed a petition to probate his will on February 14, 2012. The will, which was dated February 2, 2010, made no mention of appellant and stated [2that the decedent had no children or other descendants. All of the decedent’s property was devised to his sister, Rachael Phillips. On February 27, 2012, and March 1, 2012, appellant filed identical pro se notices of her intent to contest the will, alleging that she was the decedent’s sole child and heir. On May 24, 2012, after retaining counsel, appellant filed a Petition of Pre-termitted Child to Receive Distribution, a Petition for Contest of the Will, and a Demand for Notice of Proceedings. The petition to receive distribution claimed that appellant was the pretermitted child of the decedent, that she was entitled to receive all of his estate as his sole heir, and that she was asserting her claim against his estate within 180 days of his death as required under Ark. Code Ann. § 28-9-209(d). On June 4, 2012, appellee filed a motion to dismiss appellant’s petition to receive distribution as a pretermitted child, asserting that appellant was not a child of the decedent and that she was not entitled to inherit from the decedent’s estate because she did not timely comply with the requirements of Ark.Code Ann. § 28-9-209(d). Specifically, appellee alleged that appellant failed to file an action or claim against the estate and to establish her paternity within the 180-day period required under the statute. Appellee noted that appellant’s mother, Regina Wingard, had recently filed a motion to establish paternity in a separate division of the White County Circuit Court, and appellee attached a copy of this motion as an exhibit.[1] Wingard asserted in that motion that appellant was actually the ^decedent’s child, although appellant had been presumed to be the legitimate child of Win-gard and her ex-husband, Paul McDonald, who was also the decedent’s brother, because Wingard and Paul McDonald had been married at the time of appellant’s birth. Wingard requested that scientific paternity testing be conducted to formally establish paternity of appellant. In response to appellee’s motion to dismiss, appellant argued that she had filed her petition to receive distribution, which she asserted was a claim against the decedent’s estate, within the 180-day time period required by the statute. Appellant further asserted that her mother had commenced a paternity action on or about May 21, 2012, and that the conditions listed in Ark.Code Ann. § 28-9-209(d)(l)-(6) do not have to be satisfied within 180 days of the decedent’s death. Appellant argued that it was unreasonable to require that a paternity action be completed within 180 days and that the additional burden that would be placed on an illegitimate child from this interpretation of the statute would be a violation of her constitutional rights to due process and equal protection. After a hearing was held on appellee’s motion to dismiss, the circuit court entered an order on March 28, 2013, dismissing appellant’s petition with prejudice due to her failure to comply with Ark.Code Ann. § 28-9-209(d). The court rejected appellant’s interpretation of the statute and found that appellant had failed to satisfy any of the conditions set forth in section 28-9-209(d)(l)-(6) within 180 days of the decedent’s death. The court also rejected appellant’s constitutional argument that this construction of the statute violated her rights to |4due process and equal protection. The court further found that appellant’s petition to receive distribution did not constitute an action commenced or claim asserted against the estate. Appellant filed a timely notice of appeal from the circuit court’s order. On appeal, appellant argues that the circuit court erred in finding that she did not meet the statutory requirements to inherit as an illegitimate child and in dismissing her claim against the estate with prejudice. When reviewing a circuit court’s decision on a motion to dismiss for failure to state a claim pursuant to Ark. R. Civ. P. 12(b)(6), we treat the pleadings and the allegations in the complaint as true and view them in the light most favorable to the plaintiff. Fitzgiven v. Dorey, 2013 Ark. 346, 429 S.W.3d 234. Although we review probate proceedings de novo, we do not reverse the circuit court’s findings unless they are clearly erroneous. Burns v. Estate of Cole, 364 Ark. 280, 219 S.W.3d 134 (2005). We also review issues of statutory interpretation de novo and are not bound by the circuit court’s interpretation of a statute. Id. However, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. Id. The primary issue in this appeal is the interpretation of Ark.Code Ann. § 28-9-209(d) (Repl.2012), which is set forth below: (d) An illegitimate child or his or her descendants may inherit real or personal property in the same manner as a legitimate child from the child’s mother or her blood kindred. The child may inherit real or personal property from his or her father or from his or her father’s blood kindred, provided that at least one (1)of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within one hundred eighty (180) days of the death of the father: (1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this | sSection; (2) The man has made a written acknowledgment that he is the father of the child; (3) The man’s name appears with his written consent on the birth certificate as the father of the child; (4) The mother and father intermarry prior to the birth of the child; (5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or (6)The putative father is obligated to support the child under a written voluntary promise or by court order. The cardinal rule of statutory construction is to give effect to the intent of the legislature. Bums, supra. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. Id. Appellant first argues that the circuit court erred in finding that her petition to receive distribution as a pretermitted child did not qualify as a timely “action commenced” or “claim asserted” against the decedent’s estate under section 28-9-209(d). She contends that her petition clearly asserted a claim against the estate by asserting her right to inherit from the decedent, that it was filed with a court of competent jurisdiction that was handling the probate matter, and that the petition was filed within 180 days of the decedent’s death. We need not address the merits of this particular contention, however, because we find our decision on appellant’s next argument to be dispositive of her first point on appeal. Appellant next contends that the circuit court erred in interpreting the statute to require that not only must an action be commenced or a claim asserted within 180 days of a decedent’s death, one of the six conditions listed in subsection (d) must also be completed |6within that time period. According to appellant, the 180-day time limitation contained in subsection (d) applies only to the filing of a claim or commencement of an action, not to the requirement in the statute that at least one of the conditions be satisfied. As support for this argument, appellant submits that five out of the six conditions require compliance prior to the father’s death and that there would be no reason for the legislature to apply the 180-day time limitation to these conditions. Further, with regard to subsection (d)(1), which was the only condition that appellant claimed to be satisfied in this case, appellant asserts that her mother commenced a paternity action in a court of competent jurisdiction within the 180-day time period and argues that a litigant has little control over the completion of such an action. Thus, she contends that the circuit court erred in dismissing her petition while the paternity action was pending. With respect to appellant’s argument that the paternity action had been commenced, if not concluded, within 180 days of the decedent’s death and that this was sufficient to prevent dismissal of her petition, appellee correctly notes that the copy of the motion to establish paternity filed by appellant’s mother that is included in the addendum and the record is not file-marked by the circuit court. Appellee thus contends that appellant has failed to demonstrate that a paternity action was in fact filed within the required time period in a court of competent jurisdiction. Regardless of whether appellant has shown that a paternity action was timely filed, however, this court has previously interpreted section 28-9-209(d) as requiring that at least one of the conditions listed in the subsection be satisfied within the 180-day time period. See |7 Bums, supra. In Bums, an illegitimate child filed a petition for appointment of administrator of his putative father’s estate. While this petition was filed within 180 days, this court held that the petition did not constitute an action commenced or claim asserted against the estate because he had never been determined a legitimate heir of the decedent. Id. at 284, 219 S.W.3d at 137. We also addressed Burns’s second point on appeal, which was virtually identical to appellant’s argument in this case, that he was not required to satisfy one of the six conditions set out in section 28-9-209(d) within 180 days. Id. We rejected Burns’s argument, stating that the plain language of the statute indicated that both requirements, the filing of the claim and the satisfaction of one of the conditions, must be satisfied within the 180-day time frame. Id. at 285, 219 S.W.3d at 138. Appellant contends that this court is not bound by our holding in Bums, supra, because the portion of the opinion where we address whether the statutory conditions are subject to the 180-day limitation is merely dicta and is not controlling in this case. However, even if appellant is correct in this contention, we find under a plain reading of the language in the statute that one of the six conditions must have been satisfied and an action commenced or a claim asserted against the estate prior to the expiration of the 180-day time period. We note that five out of the six statutory conditions may only be satisfied prior to the putative father’s death and that the remaining condition found in subsection (d)(1), on which appellant relies, uses the past tense and states that “[a] court of competent jurisdiction has established the paternity of the child.... ” Ark.Code Ann. § 28-9-209(d)(1) (Repl.2012) (emphasis added). While appellant attempts to support her suggested interpretation of the statutory | slanguage by referring to other portions of the statute in an attempt to determine the-legislature’s intent, we will not search for legislative intent where the relevant language is plain and unambiguous. McMillan v. Live Nation Entm’t, Inc., 2012 Ark. 166, 401 S.W.3d 473. Appellant cites to several other cases in an attempt to show that this court has only-applied the 180-day limitation to the filing of the claim or the commencement of the action, and not to the conditions listed in subsection (d)(l)(6). See In re Estate of Keathley, 367 Ark. 568, 242 S.W.3d 223 (2006); In re Estate of F.C., 321 Ark. 191, 900 S.W.2d 200 (1995); Boatman v. Dawkins, 294 Ark. 421, 743 S.W.2d 800 (1988). However, none of these cited cases directly addressed the issue of whether one of the six statutory conditions must be satisfied prior to the expiration of 180 days. In fact, our decision in Boatman, supra, is contrary to appellant’s suggested interpretation of the statute, as we stated in that case that Ark.Code Ann. § 28-9-209 “is a statute creating a new right, and the right is created for only the 180 days.” Id. at 424, 743 S.W.2d at 802. Thus, the circuit court did not err in its interpretation of the statute or in finding that appellant did not timely meet the statutory requirements, and we affirm on this point. In her second point on appeal, appellant argues that if the circuit court’s interpretation of the statute as requiring completion of one of the six conditions within 180 days of the death of the putative father is correct, then the dismissal of her claim with prejudice denies her the protection guaranteed in the equal-protection and due-process clauses of the federal constitution. She contends that this state’s probate scheme, including the statute in question, places burdens on those attempting to inherit as illegitimate children that are not required of ^legitimate children. We find no merit to appellant’s constitutional arguments. As appellee asserts, this court has previously rejected an equal-protection argument with regard to this statute in Boatman, supra. In Boatman, we upheld the constitutionality of Ark. Code Ann. § 28-9-209, stating that “the Supreme Court has recognized that a statutory differentiation based solely on illegitimacy can be justified by a state’s interests in preventing spurious claims against intestate estates, and in the maintenance of a prompt and accurate method of distributing an intestate’s property.” Id. at 423, 743 S.W.2d at 801 (citing Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978)). We noted that in Lalli, the Supreme Court upheld a statute that required an illegitimate child to assert a claim during the lifetime of the father. Boatman, 294 Ark. at 423, 743 S.W.2d at 802. We therefore held that our statute, which gives an illegitimate child 180 days to make her claim, clearly does not violate the equal-protection clause. Id. Appellant recognizes this court’s holding in Boatman, but contends that, in the context of this case, a requirement that an illegitimate child must start and conclude a paternity action within 180 days of a putative father’s death, even if the administration of the estate is not yet concluded, cannot be justified by any state interest. However, as appellee correctly points out in her brief, appellant is not even authorized to file a paternity action on her own behalf under Ark.Code Ann. § 9-10-104 (Repl.2009) because she is a person for whom paternity is presumed. Hall v. Freeman, 327 Ark. 148, 936 S.W.2d 761 (1997). Thus, appellant cannot argue that her equal-protection rights are violated by a requirement that she complete a paternity action within 180 days when she had no right to bring the action at all under a | indifferent statute that is not challenged in this appeal. With regard to her due-process claim, appellant similarly argues that an interpretation of Ark.Code Ann. § 28-9-209(d) that requires an illegitimate child to have not only begun, but also completed, a paternity suit within 180 days of the decedent’s death “creates constitutional infirmities relating to due process.” However, as stated above, appellant has no right to bring a paternity action in the first instance under the facts in this case; therefore, she cannot show an infringement on her due-process rights from the circuit court’s interpretation of the statute requiring her to have completed a paternity action within 180 days of the decedent’s death. Thus, the circuit court did not err in dismissing appellant’s petition due to her failure to satisfy the statutory requirements, and we affirm. Affirmed. BAKER and HART, JJ., dissent. . This motion to establish paternity has a certificate of service on appellee that is dated May 21, 2012, although there is no file stamp to indicate when and if it was filed with the circuit court.