Cite as 2014 Ark. App. 689

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–505

| | | |
|---|---|---|
| EZRA MAXEY | | **Opinion Delivered** December 3, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. PR–10–133–6] |
| ERMA GRAY, IN THE MATTER OF THE ESTATE OF LELA BRANCH, DECEASED | | HONORABLE DAVID F. GUTHRIE, JUDGE |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Lela Branch died on November 29, 2006, at the age of 96. This appeal concerns the probate of Branch's last will and testament executed on May 22, 1995 (hereinafter referred to as the "1995 will") and the rejection of a will contest and proffered subsequent will that was executed on September 27, 2006 (hereinafter referred to as the "2006 will"). We affirm.

The relevant parties are Branch's grandchildren: appellant, grandson Ezra Maxey, and appellee, granddaughter Erma Gray. In June 2010, Gray filed a petition in Union County Circuit Court (probate division) to probate the 1995 will, under which she was the primary beneficiary. The probate court accepted the 1995 will for probate in July 2010. In February 2012, Gray petitioned to close Branch's estate and to permit final distribution. An order was filed on June 15, 2012, setting the petition-to-close hearing for August 15, 2012, and requiring that notice be given to the seven other heirs at law, one of whom was appellant Maxey. On June 21, 2012, Maxey filed an objection, contending that he possessed a 2006

will, which revoked the 1995 will and under which he and another grandson were the primary beneficiaries. If the 2006 will were not admitted to probate, then Maxey asked in the alternative that the 1995 will be declared revoked and for naught, thus rendering Branch to have died intestate. Gray responded in part by arguing that this will contest and any request to probate the 2006 will were time barred by two applicable probate statutes in the Arkansas Code. The probate court agreed that Maxey's filings in objection to the 1995 will, and Maxey's attempt to probate the 2006 will, were barred by statutory limitations periods.

On appeal, appellant concedes that any attempt to probate the 2006 will would be barred by the statutory limitations period found in Arkansas Code Annotated section 28-40-103; this is not the issue appellant presents on appeal. Appellant contends solely that the probate court erred in finding his contest to the 1995 will to be statutorily time barred by Arkansas Code Annotated section 28-40-113 because the 2006 will allegedly revoked and thus voided the 1995 will. In other words, Maxey contends that because the 1995 will was allegedly revoked in the subsequent will, the statute of limitations never commenced. Appellant argues that, consequently, Branch died intestate, and the probate court erred in not declaring Branch to have died intestate. We affirm.

There is no dispute that if Arkansas Code Annotated section 28-40-113 applies, then Maxey cannot prevail on appeal. Maxey argues that this statute does not apply where the 1995 will was revoked and legally no longer existed. We hold that the trial court did not err in finding that this statute clearly applies to these facts, barring his will contest.

SLIP OPINION

Arkansas Code Annotated section 28-40-113, titled "Contest of a will generally," states in relevant part that:

> (a) An interested person may contest the probate of a will, or any part thereof, by stating in writing the grounds of his or her objection and filing them with the court.
> (b) No will can be contested unless the grounds of objection are filed within the periods hereinafter provided:
>> (1) If the ground of objection is that another will of the decedent has been discovered, the ground of objection must be filed before final distribution of the estate is ordered and within the period stated in § 28-40-103 [an application for a will to be admitted to probate must be filed within five years of death of the testator.]

A will contest is not a civil proceeding but rather a special proceeding in probate court, governed by statute. *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981); *Coleman v. Coleman*, 257 Ark. 404, 520 S.W.2d 239 (1974). The cardinal rule of statutory construction is to give effect to the intent of the legislature. *Bell v. McDonald*, 2014 Ark. 75, 432 S.W.3d 18. We are to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *Id*.

Here, Maxey filed what he called an "objection" and "motion to set aside" with regard to probating the 1995 will. According to section 28-40-113(b)(1), the objection was required to be filed before the final distribution and within five years of Branch's death. Maxey failed to file his objection and motion to set aside within five years of his grandmother's death in November 2006, thus barring this contest to probate of the 1995 will. To read the probate

statutes in a different manner as urged by the appellant defies a plain reading of the words chosen by our legislature.

Affirmed.

HARRISON and WOOD, JJ., agree.

*Robert S. Laney, P.A.*, by: *Robert S. Laney*, for appellant.

*Harrell. Lindsey & Carr, P.A.*, by: *Paul E. Lindsey*, for appellee.