ROBERT J. GLADWIN, Judge
Juanita Noble appeals the Sebastian County Circuit Court's April 18, 2018 order appointing administrator of the estate of Earl Leon Neal (decedent). On appeal, she argues that the circuit court erroneously recognized appellee Earl L. Neal, Jr., as decedent's sole heir. We affirm.
I. Facts
On October 17, 2017, Clyde A. Neal filed a petition for administration of the estate of decedent-Juanita and Clyde's brother, who died on September 16, 2017.[1] Listed in the petition as heirs of decedent were four sisters, including Juanita; Clyde; two nieces; and a nephew. On November 9, 2017, Earl L. Neal, Jr. ("Butch"), filed a response alleging that he was decedent's illegitimate son and only child. He cited Arkansas Code Annotated section 28-9-209(d) (Repl. 2012) and claimed that decedent had made a written acknowledgment of him in the form of the Whirlpool Corporation "Beneficiary Designation-Retirement Death Benefit," dated July 1, 2016 thus allowing him to inherit from decedent's estate. He alleged that the designation, which was attached to his response, was prepared by decedent, completed and signed by him, and describes Butch by *42 name, Social Security number, relationship as "son," address, phone number, birth date, and gender. Butch also filed an affidavit to claim against the estate on November 9, asserting that as decedent's only child, he is entitled to inherit all of decedent's real and personal property.
On March 20, 2018, Butch filed a brief in support of his claim against the estate, and on April 18, Juanita filed her objection. She argued that pursuant to section 28-9-209(d), Butch had 180 days from the date of decedent's death to commence and conclude his claim. She relied on Bell v. McDonald , 2014 Ark. 75, 432 S.W.3d 18, which she argued stands for the proposition that within the allotted 180 days, not only must the claim be filed but must also be judicially determined within said 180 days. Juanita also disputed that the beneficiary-designation form was a "written acknowledgment" in terms of the statute because it was not witnessed, notarized, or "acknowledged."
At the hearing on the competing claims, Juanita testified that she and decedent were five years apart in age and were close, having grown up together. She said that she was not aware of any children of decedent and had seen Butch only once in her lifetime, at decedent's funeral. Clyde testified that he too had been close to decedent and had daily communication with him for fifteen years prior to his death. He said he had seen Butch three times-one time being at the funeral.
Butch testified that he is fifty years old and had lived in Texarkana, Arkansas, for the last forty years. He said that his birth certificate lists decedent as his father, but it was not signed by decedent. He said that the beneficiary-designation form from Whirlpool displays his Social Security number and correct date of birth. He said that at no time did he believe someone other than decedent was his father. He said that he was twenty-two years old when he first met decedent in 1990, and he had been in touch with him occasionally since that time.
On April 18, 2018, the circuit court appointed Butch as administrator of decedent's estate, finding that he was decedent's illegitimate son under the requirements of section 28-9-209(d)(2), having asserted a claim against the estate within 180 days and met the condition requiring a written acknowledgment stating that decedent is Butch's father. The circuit court found that Butch was the sole heir and entitled to the entirety of decedent's estate. This appeal timely followed.
II. Applicable Law
Although we review probate proceedings de novo, we do not reverse the circuit court's findings unless they are clearly erroneous. Burns v. Estate of Cole , 364 Ark. 280, 219 S.W.3d 134 (2005). We also review issues of statutory interpretation de novo and are not bound by the circuit court's interpretation of a statute. Id. However, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. Id.
Arkansas Code Annotated section 28-9-209(d) provides:
An illegitimate child or his or her descendants may inherit real or personal property in the same manner as a legitimate child from the child's mother or her blood kindred. The child may inherit real or personal property from his or her father or from his or her father's blood kindred, provided that at least one (1) of the following conditions is satisfied and an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction within *43 one hundred eighty (180) days of the death of the father:
(1) A court of competent jurisdiction has established the paternity of the child or has determined the legitimacy of the child pursuant to subsection (a), (b), or (c) of this section;
(2) The man has made a written acknowledgment that he is the father of the child;
(3) The man's name appears with his written consent on the birth certificate as the father of the child;
(4) The mother and father intermarry prior to the birth of the child;
(5) The mother and putative father attempted to marry each other prior to the birth of the child by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or
(6) The putative father is obligated to support the child under a written voluntary promise or by court order.
In analyzing this statute, our court held:
This statute creates a right unknown at common law, and the right is created for only the 180 days, i.e., the 180-day period is a condition qualifying the right of action, and not a mere limitation on the remedy. Boatman v. Dawkins , 294 Ark. 421, 743 S.W.2d 800 (1988). As the United States Supreme Court said in Walsh v. Mayer , 111 U.S. 31, 37, 4 S.Ct. 260, 28 L.Ed. 338 (1884), "[t]he provisions requiring it to be asserted in a particular mode and within a fixed time, are conditions and qualifications attached to the right itself, and do not form a part of the law of the remedy. If it is not asserted within the permitted period, it ceases to exist and cannot be claimed or enforced in any form."
Rasberry v. Ivory , 67 Ark. App. 227, 229-30, 998 S.W.2d 431, 433 (1999). More recently, our supreme court stated:
[T]his court has previously interpreted section 28-9-209(d) as requiring that at least one of the conditions listed in the subsection be satisfied within the 180-day time period. See Burns , supra. In Burns , an illegitimate child filed a petition for appointment of administrator of his putative father's estate. While this petition was filed within 180 days, this court held that the petition did not constitute an action commenced or claim asserted against the estate because he had never been determined a legitimate heir of the decedent. Id. at 284, 219 S.W.3d at 137. We also addressed Burns's second point on appeal, which was virtually identical to appellant's argument in this case, that he was not required to satisfy one of the six conditions set out in section 28-9-209(d) within 180 days. Id. We rejected Burns's argument, stating that the plain language of the statute indicated that both requirements, the filing of the claim and the satisfaction of one of the conditions, must be satisfied within the 180-day time frame. Id. at 285, 219 S.W.3d at 138.
Bell , 2014 Ark. 75, at 6-7, 432 S.W.3d at 22.
III. Argument
Juanita contends that the circuit court was clearly erroneous in recognizing Butch as the sole heir of decedent's estate. She admits that Butch made a claim against the estate within 180 days of decedent's death. However, she argues that the claim of heirship was not concluded or established within the required 180 days. She alleges that six months from the date of death, September 16, 2017, was March 16, 2018, which is before the circuit court's April 18, 2018 order. She contends that *44 one of the six requirements under Arkansas Code Annotated section 28-9-209 for establishing paternity must have occurred within 180 days of decedent's death. She argues that Bell stands for the proposition that within the allotted 180 days, a claim must be filed and judicially determined. She claims that under Boatman , supra , an illegitimate child must start and conclude a paternity action within 180 days of the putative father's death. Thus, she argues that Butch did not satisfy the requirements of the statute.
She contends that the beneficiary-designation form does not fulfill the requirements of subsection 209(d)(2). She asserts that the form is a copy and that the signature is not witnessed, notarized, or acknowledged. She argues that the statute relied upon requires a "written acknowledgement." She urges that in Defir v. Reed , 103 Ark. App. 319, 288 S.W.3d 711 (2008), the putative child provided the lower court with a written acknowledgement in the form of a deed, which clearly contained an acknowledgement in the presence of a notary.
She then relies on Burns , supra , Rasberry , supra , and Boatman , supra , for the proposition that Arkansas Code Annotated section 28-9-209(d) creates a new right, and the right is created for only 180 days. She contends, therefore, that Butch's claim expired 180 days following the death of decedent, and he was no longer entitled to pursue his claim of heirship.
Butch argues that the circuit court was not clearly erroneous in determining that he is the sole heir because he made a valid claim against the decedent's estate within 180 days of death and provided a written acknowledgment in satisfaction of subsection 209(d)(2). We agree. Butch relies on Defir , 103 Ark. App. at 320-21, 288 S.W.3d at 711-13, wherein
Langdon died intestate on May 24, 2001.... On April 11, 2005, Reed filed a petition to quiet title in the land purportedly conveyed by that deed. She asserted that she was Langdon's "sole heir" and that the deed was a forgery....
We believe that the trial court clearly erred in finding that Reed was Langdon's heir. That legal status depended on her satisfying the requirements of Arkansas Code Annotated section 28-9-209, which she clearly did not do. The 1998 deed whereby Langdon conveyed twenty acres of land to Reed for "the love and affection I have for my daughter, Verna Langdon Reed," may have, at best, arguably satisfied the requirement under the statute that Langdon make "a written acknowledgment that he is the father of the child." However, there is no dispute that Reed failed to commence an action or assert a claim against Langdon's estate within 180 days of his death. Accordingly, she cannot inherit property from Langdon through intestate succession, and consequently, her claim to the disputed real estate is unsubstantiated.
In Defir , even though this court found that the illegitimate child's claim failed because she had not filed her claim within 180 days of the death of the decedent, we noted that the deed acknowledged the child by stating, "the love and affection I have for my daughter," and stated that the language "may have, at best, arguably satisfied the requirement under the statute[.]" Id.
Here, the beneficiary-designation form depicts that decedent clearly wrote "son" in the space labeled "Relationship to Employee." He also provided Butch's proper name, Social Security number, date of birth, address, phone number, and gender on the form. This designation was meant to be relied and acted on by Whirlpool. Butch argues that decedent acknowledged, *45 under the ordinary meaning of the word, that he was decedent's son. See Merriam-Webster Learner's Dictionary (2018) ("acknowledgment" is the action of showing that you know, admit, or accept that something exists or is true). Accordingly, the circuit court was not clearly erroneous in ruling that he satisfied the written-acknowledgment condition under subsection 209(d)(2).
Further, the 180-day limit was satisfied by the beneficiary-designation form because the form was completed prior to decedent's death:
[W]e find under a plain reading of the language in the statute that one of the six conditions must have been satisfied and an action commenced or a claim asserted against the estate prior to the expiration of the 180-day time period. We note that five out of the six statutory conditions may only be satisfied prior to the putative father's death and that the remaining condition found in subsection (d)(1), on which appellant relies, uses the past tense and states that "[a] court of competent jurisdiction has established the paternity of the child...." Ark. Code Ann. § 28-9-209(d)(1) (Repl. 2012) (emphasis added).
Bell , 2014 Ark. 75, at 7, 432 S.W.3d at 22. Accordingly, the requirement contained in subsection (d)(1), a court's establishment of paternity, is the particular statutory condition that must be met within 180 days following decedent's death. As stated in Bell , a decedent's acknowledgment, as found herein, must have been accomplished prior to the decedent's death, allowing an illegitimate child 180 days following a putative father's death to make a claim based on the decedent's written acknowledgment.
Affirmed.
Glover and Vaught, JJ., agree.

The petition was later amended to substitute Juanita for Clyde as the proposed administrator.