Cite as 2025 Ark. App. 489

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-24-463

| | |
|---|---|
| BRENDA JOYCE COLEMAN HARRIS | **Opinion Delivered** October 22, 2025 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CV-22-526] |
| V. | HONORABLE KEITH L. CHRESTMAN, JUDGE |
| IZOLA COLEMAN; HULBERT LEVI COLEMAN II; TRACIE COLEMAN; MIDLAND FUNDING LLC; ARKANSAS DEPARTMENT OF WORKFORCE SERVICES; AND ANY PERSON, ENTITY, OCCUPANT, OR ORGANIZATION CLAIMING ANY RIGHT, TITLE, INTEREST, OR OWNERSHIP OR CLAIM IN AND TO LOT 2, BLOCK 4, REPLAT OF BLOCKS 1 THROUGH 5, J.O.E. BECK SUBDIVISION, IN THE CITY OF WEST MEMPHIS, ARKANSAS, AS SHOWN BY PLAT OF RECORD IN PLAT BOOK 2, PAGE 472, RECORDS OF CRITTENDEN COUNTY, ARKANSAS | AFFIRMED |
| APPELLEES | |

**BRANDON J. HARRISON, Judge**

Brenda Joyce Coleman Harris appeals a judgment dismissing with prejudice her complaint for partition. The property she sought to partition was titled in Hulbert Coleman, her putative father, at his death in February 2005. The circuit court granted summary

judgment, then denied Harris's motion to reconsider, because the proof she introduced did not establish that she made a claim to Hulbert's estate under Ark. Code Ann. § 28-9-209(d) (Repl. 2012) or that the appellees were estopped from denying her claim now.

With one exception, the issues, record facts, and arguments preserved for appeal are indistinguishable from those in *Rasberry v. Ivory*, 67 Ark. App. 227, 998 S.W.2d 431 (1999), which the circuit court followed to the same conclusion. (Correctly so.) The exception is that here, Harris additionally argued the appellees—her stepmother Izola Coleman and Hulbert's legitimate children through her (the Colemans)—were judicially estopped to deny she is Hulbert's heir. In a small-estate affidavit Izola filed in October 2011, she identified Harris as Hulbert's "daughter" and one of the "persons entitled to receive the property of the decedent as surviving spouse, heirs or devisees of [his] will." *See* Ark. Code Ann. § 28-41-101 (Supp. 2023). Only Izola signed it. The affidavit lists three parcels, including the one involved here, as Hulbert's property. Shortly after Izola filed it, Harris and the Colemans executed deeds quitclaiming their interests in another listed parcel to a third party. Harris received no proceeds from the sale.

Although the circuit court rejected most of the arguments Harris added or clarified in posttrial motions as "vague, conclusory, and undeveloped," it rejected the judicial-estoppel argument on the merits. Judicial estoppel requires that a party "must have successfully maintained the position in an earlier proceeding such that the court relied upon the position taken." *Dupwe v. Wallace*, 355 Ark. 521, 526, 140 S.W.3d 464, 467 (2004). The record included no evidence of any small-estate proceedings after Izola filed the

affidavit.[1]  Because Harris "offered nothing to show that [the affidavit] was relied on by any court," the circuit court ruled that judicial estoppel could not apply.  We agree and affirm on that ground too.

Finally, Harris argues on appeal that section 28-9-209(d) is unconstitutional.  Because she did not develop that argument in circuit court, we do not consider it here.[2]

Affirmed.

KLAPPENBACH, C.J., and BROWN, J., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Boyd & Buie, Attorneys at Law*, by: *Rufus T. Buie III*; and *Ford, Dooley & Griffin, PLLC*, by: *Tyler A. Griffin*, for appellees.

---

[1]Accordingly, the record does not disclose whether any distributee published notice of a small-estate proceeding to distribute real property.  *See* Ark. Code Ann. §§ 28-41-101(b)(2) & 102(d).  We express no opinion on whether that might affect the analysis in a different case.

[2]*See Kimbrell v. State*, 2017 Ark. App. 555, 533 S.W.3d 114 (appellate court will not consider arguments that were not fully developed in the circuit court).  Harris argued that Ark. Code Ann. § 28-9-209(d) "creates Equal Protection concerns" and "there are strong Due Process issues at play."